## S. P. BROWN *v.* THE STATE.

1. CRIMINAL LAW. *Practice. New-trial. Showing as to incompetency of juror.* G., having been convicted on an indictment for murder, made a motion for a new trial, on the ground that "one of the jurors who tried the case had formed and expressed an opinion of the case before the trial." In support of his motion the defendant filed the affidavit of A. C., to the effect that his brother, F. C., who was one of the jurors who rendered the verdict, told him before the term of court commenced that he, F. C., had carefully examined the scene of the homicide, and believed that the defendant assassinated the deceased; and that affiant did not communicate this fact to the defendant or his counsel till after the jury had been empanelled. Neither the defendant nor his counsel made affidavit that they were ignorant of F. C.'s declaration before he was sworn as a juror. The motion was overruled. *Held,* that the motion was properly overruled. A new trial in such a case should not be granted, unless supported by the affidavits of both the defendant and his counsel that they were each ignorant of the incompetency of the juror when he was accepted.

2. SAME. *New trial. Incompetency of juror. Examination on voir dire.* It was proper to deny the motion in the case above stated for the further reason that the record does not show affirmatively that the juror was examined on his *voir dire,* and then disclaimed having formed or expressed an opinion as to the guilt or innocence of the accused.

APPEAL from the Circuit Court of Tippah County.

Hon. J. W. C. WATSON, Judge.

S. P. Brown was convicted in the court below of the mur-

der of J. L. Sadler.  He filed a motion to set the verdict aside and for a new trial, on the following ground, amongst others : " Because one of the jurors who tried the case had formed and expressed an opinion of the case before the trial." The appellant filed, in support of his motion, an affidavit, the body of which was in the following language : " Personally appeared," etc., " A. N. Clayton, who, being duly sworn, states that he is a brother of F. J. Clayton, who was one of the jury in the case of the State of Mississippi against S. P. Brown, and that F. J. Clayton told affiant, before this term of the court, that he, the said juror, was on the ground where J. L. Sadler was killed, on the day of the killing ; that he had examined the ground and seen the dead body of Sadler there, and had examined the gully near the place of the killing and seen tracks in it, and he, the juror, believed that defendant stood in the gully and shot deceased.  Affiant further states that he did not tell or make known to defendant or his counsel this fact till after the jury in the case had been empanelled."

The court overruled the defendant's motion, and sentenced him, in accordance with the verdict of the jury, to imprisonment in the penitentiary for life.  He, thereupon, appealed.

*T. A. McWillie*, for the appellant.

One of the grounds of motion for new trial is based upon the sworn statement of A. N. Clayton, that his brother, F. J. Clayton, one of the jury, had formed and expressed an opinion.  There is nothing in the record to show whether the circuit judge believed or disbelieved this affidavit, which shows that the juror had previously expressed his belief in the existence of facts which made the killing an assassination. It does not appear that anything was offered in contradiction of it, and being made by one attached to the false juror by the strongest ties of consanguinity, it would certainly appear to be worthy of credit.  It does not follow that the circuit judge necessarily disbelieves the affidavit, and while, as stated in *Cannon* v. *The State*, 57 Miss. 156, the court would affirm, if that appeared, we can see no reason to affirm when the record

shows nothing whatever to warrant.the circuit judge in discrediting it. If it is a matter of discretion it should be exercised soundly and with some reference to the right of the accused to a fair trial before an impartial jury. If it does not appear affirmatively that the witness proving that the juror had previously expressed an opinion unfavorable to the accused, was disbelieved by the circuit judge, a new trial will be granted. *Same's Case* 2 Geo. 480; *vide* also *Cody's Case*, 3 How. (Miss.)27.

*J. L. Harris*, for the State.

Affidavit is made by A. N. Clayton that one of the jurymen, his brother, F. J. Clayton, had formed and expressed an opinion, etc. The question was one for the determination of the circuit judge, and his judgment upon the affidavit is entitled to the same weight before this court as the verdict of the jury upon facts. *Robertson* v. *Cloud*, 47 Miss. 208; *Dixon* v. *Cook*, 47 Miss. 220; *Bower* v. *Henshaw*, 56 Miss. 619, 622. But this point has been directly adjudicated in *Cannon* v. *The State*, 57 Miss. 147, 156. In that case McAllister, one of the jurors, had prejudged unfavorably to the accused, but on his *voire dire* had stated that he had not formed or expressed an opinion. In delivering the opinion of the court the present chief justice said : " We are aware of the vulnerability of verdicts on this ground, and of the danger to which it exposes them, especially at this time ; and if the court below had disbelieved the evidence of the charge that the juror had prejudged the cause, we should concur and affirm the judgment on this point. But, instead of that, the bill of exceptions shows that the circuit judge expressly stated that he assumed as true that the juror had expressed an opinion of the case unfavorable to the accused, and on this assumption the new trial was refused. This was error," etc.

CHALMERS, J., delivered the opinion of the court.

The evidence raised and submitted to the jury the question whether the deceased was slain in necessary self-defence as

60 MISS. — 29.

testified by the accused and his son, or whether it was a case of lying in wait and assassination ; and by their verdict they have declared that the latter was its true character.    We cannot say that they were in error.

The only error of law presented which seems to demand consideration is with regard to the juror Clayton.

After the verdict had been rendered, a brother of this juror made affidavit that the juror, before he was summoned, had carefully examined the scene of the homicide and given it as his opinion that it was a case of assassination, and this fact affiant stated he had not communicated to the accused or his counsel until after the jury had been empanelled and sworn. Waiving a consideration of the question whether it was not the duty of the accused instantly, on the receipt of this information, to have made it known to the court, and thus have avoided the appearance of taking the chance of a favorable result, if the verdict should be favorable, and of setting it aside, if it should be adverse, there are two fatal objections to his claim of reversal here.    Neither he nor his counsel made affidavit that they were ignorant of the unfavorable bias of the juror before he was sworn, and although the brother had sworn that he had not communicated such information, the possibility of its acquisition from some other source was not negatived. The practice of granting new trials on account of the incompetency of jurors discovered after verdict is so dangerous and so liable to abuse, that many courts deny it altogether, and those which permit it, agree that it should be surrounded by every possible safeguard.

It may be assumed that the person who has been convicted will always be ready to make the requisite affidavits on his own behalf, and will generally be able to find some one, who, for love or money, will make the necessary assault upon the integrity of some member of the jury.    The mouths of the jurors being closed, there is the greatest possible danger that injustice may be done to them, and the proper punishment which the law provides for the criminal, be defeated.

As one safeguard against this, it is essential that both the defendant and his counsel make affidavit that they were both alike ignorant of the incompetency of the juror when accepted.

It no where appears that the juror in this instance was examined on his *voir dire*, and that when so examined he disclaimed having formed or expressed an opinion on the guilt or innocence of the accused, and the authorities are uniform to the effect that unless this is made affirmatively to appear, a new trial will not be awarded. Thomp. & M. on Juries, sect. 302, and authorities cited.

Affirmed.