## WILLIAM HARRIS *v.* THE STATE.

1. BURGLARY. *Larceny. Indictment.*
   A charge of burglary and larceny may be joined in the same count in an indictment.

2. INSTRUCTION. *Possession of recently stolen property.*
   An instruction that the jury may find the prisoner guilty of burglary, if they believe from the evidence that a burglary was committed in the store of M., and that a pistol was stolen at the time of the commission of such burglary, and that said pistol was thereafter found in the possession of the prisoner, and that it does not appear from the evidence how the prisoner came into the possession of said pistol otherwise than by such burglary or stealing, and that he has not accounted for the recent possession thereof, is correct. *Stokes' Case,* 58 Miss. 680.

3. INDICTMENT. *Charge. Proof.*
   The fact that the indictment charges an intent in the burglary to steal the property of one man, and the proof shows an actual stealing of the property of another, is wholly immaterial.

4. NEW TRIAL. *Competency of juror. Objection after verdict. Drunkenness.*
   It is not error in the court to refuse to investigate the question as to whether a juror was drunk or not, when it is not shown that both the accused and his counsel were ignorant of such drunkenness before the trial. The ignorance of the party alone is not enough.

APPEAL from the Circuit Court of Adams County.

HON. RALPH NORTH, Judge.

William Harris was indicted and convicted of burglary and grand larceny. The indictment contained but one count, embracing both charges. The defendant moved to quash for this reason, and the motion was overruled. The indictment charged the prisoner with stealing the pistol of D. Moses, and the proof shows that it was the pistol of Simon Moses. The court instructed the jury for the State, as follows: "When a prisoner is found in the possession of property recently stolen, it devolves upon him to show how he came into the possession of it, unless it appear from the evidence adduced against him, and if the jury believe from the evidence that a burglary was committed in the store of D. Moses, in this county, prior to the finding of the indictment in this case, and that a pistol was stolen at the time of the commission of such burglary and that the said pistol was thereafter found in the prisoner's possession, and that it does not appear from the evidence how the prisoner came into the possession of said pistol otherwise than by such burglary and stealing, and that he has not accounted for the recent possession thereof, then and in that event the jury may find the prisoner guilty of burglary as charged."

After the trial, the defendant filed with his motion for a new trial an affidavit stating in substance that one of the jurors who tried the case had rendered himself unfit for service as a juror in said case at the trial thereof by intoxication before his name was called in court to serve on the jury, as well as after he had retired with his fellow-jurors to consider his verdict, that in consequence thereof he had not had a fair and impartial trial by twelve competent jurors, that the above facts were learned by affiant since the trial and were not known to him before. The court refused to investigate the question of the drunkenness of the juror.

*G. F. Bowles* and *Gus. Lemle,* for the appellant.

1. The motion to quash should have been sustained. 2 Mass. 163; 1 Parker Cr. Rep. 481; 30 La. 311; Starkie's C. P. 272; Archb. C. P. 39; 1 Richard 260; 7 Sergt. & Rawle 423; 12 Ga.

20

293; 8 N. H. 163; 5 How. 250; 9 Wendell 193; 11 Ga. 92; 1 Williams Vt. 310; 2 Va. Cases 356.

2. The possession of stolen property recently after the theft is a question of fact, and not of law, and the jury should be left free to exercise their own judgment as to the right of such presumption. 58 Miss. 677; 58 Ind. 340; 43 N. Y. 177; 33 Texas 480; 56 N. Y. 315; 3 Greenleaf on Ev. 31; 2 Russ. on Cr. 247; 6 Cold. 9; 27 Iowa 126; 38 Mo. 372; 19 Maine 398; 15 Mo. 349; 46 Ind. 447; 42 Ind. 490; 2 Bish. Cr. Pro. 740; 1 Wh. C. L. 729; 9 Cox C. C. 465; 50 N. H. 510; 55 Ill. 204; 18 Cal. 382; 12 Minn. 293; 37 Texas 202; 2 Jones (N. C.) 194; 20 Cal. 177; 4 Jones (N. C.) 440; 20 Iowa 418; 49 Cal. 581.

3. The court erred in not permitting the defendant to introduce evidence on the trial of the motion for a new trial to show that Pascal Williams, one of the jurors, had rendered himself unfit for service as a juror by intoxication.

*T. C. Catchings*, Attorney General, for the State.

1. The motion to quash was properly overruled since it is admissible to charge burglary and larceny in the same indictment. *Roberts* v. *The State*, 55 Miss. 423.

2. There is no error in the fourth instruction for the State. Greenleaf on Evidence, vol. 3, § 33; *Stokes* v. *The State*, 58 Miss. 680.

3. The fact that the indictment avers that the breaking was with intent to steal the goods of D. Moses, and that he did steal a pistol belonging to D. Moses, while the proof shows that the pistol was the property of Simon Moses, does not affect the case at all. Bishop Cr. Law, vol. 2, §§ 95, 96; Wharton Cr. Evd., § 820.

Chalmers, J., delivered the opinion of the court.

1. The motion to quash the indictment was properly overruled. A charge of burglary and larceny may be joined in a single count. *Roberts* v. *State*, 55 Miss. 423.

2. The fourth instruction for the State conforms to the doctrine laid down in *Stokes' Case*, 58 Miss. 680, that the possession of recently stolen property is a circumstance from which the jury may

infer guilt. This is its substance, though a little differently expressed. It was correct.

3. The fact that the indictment charged an intent in the burglary to steal the property of one man, and the proof showed an actual stealing of the property of another, was wholly immaterial. 2 Bishop Cr. Pro., §§ 95, 96; Wharton Cr. Law, § 820.

4. The evidence warranted the verdict.

5. It was not error in the court to refuse to investigate the question as to whether the juror was drunk or not, because it was not shown that both the accused and his counsel were ignorant of such intoxication before the trial. The ignorance of the accused alone was not enough. It should have been shown that his counsel was also ignorant of it. *Brown's Case,* 60 Miss. 447.