## REUBEN WOOD *v*. THE STATE.

JUROR. *Defective examination.* *Incompetency discovered after conviction of defendant.* *Practice.*

Where a defendant in an indictment, after asking the jury called to try his case only the general question, "whether any juror on the panel knows any reason why he should not sit as a juror in the case," and, receiving no response, accepts the jury and is convicted, he is not entitled to a new trial because of discovering after the trial the incompetency of one of the jurors, if such incompetency could have been discovered by making the inquiries usually propounded to jurors to test their competency.

APPEAL from the Circuit Court of Choctaw County.
HON. C. H. CAMPBELL, Judge.

Reuben Wood, being under indictment for carrying a concealed weapon, his case was called for trial, and the jury having been accepted by the State's attorney, " the defendant was asked to pass upon the jury. Whereupon the defendant, through his counsel, asked the jury whether there was any juror on the panel who knew of any reason why he should not sit as a juror in the trial of the case; to which question there was no response, and the defendant accepted the jury." The accused was tried by the jury thus chosen and was convicted. He was sentenced to pay a fine of seventy-five dollars.

The defendant made a motion for a new trial on the ground that Dudley Prewett, one of the jurors by whom he was tried, was at the time of trial the contractor for county convicts, and that he did not disclose the fact when examined touching his competency as a juror.

Upon the hearing of the motion it was proven that Prewett was the county contractor for convicts compelled to work out their fines, and the defendant's affidavit was read to the effect that he did not know when he was asked to pass upon the jury that Prewett was the county contractor for convicts, and if he had known such fact he would have challenged Prewett as a juror. The affidavit of A. F. Fox, the defendant's counsel, was also read, stating that he did not know when he accepted the jury that Prewett was the county contractor for convicts.

The motion was overruled and the defendant appealed.

*White & Fox,* for the appellant.

Prewett was an incompetent juror because interested in the result of the verdict.

The trial by jury as secured by the constitution is a trial by twelve free and lawful men who are not of kin to either party and are impartial between them. *Dowling's Case,* 5 S. & M. 664.

"A juror should be *omni exceptione* major, he should be entirely free from every influence calculated to produce the slightest bias toward either party, and with no motive to find a verdict for either party save a sense of justice." *Ferriday* v. *Selar,* 4 H. 506; *Brown* v. *The State,* 57 Miss. 426, and the cases there cited.

In the case of *Hubbard* v. *Rutledge*, 57 Miss. 7, it is decided that a defendant's clerk is an incompetent juror.

The smallest degree of interest is a decisive objection to a juror. Graham and Waterman on New Trials, vol. 2, p. 240.

Where one of the jurors made a bet of a necktie that the result would be in favor of defendant a new trial was awarded. *Essex* v. *McPherson*, 64 Ill. 349. In this case the court, quoting from Lord Mansfield, said that "a juror should be as white as paper and know neither plaintiff nor defendant, but judge of the issue merely as an abstract proposition." This case is cited and approved in *Seaton* v. *Sween*, 58 Iowa 44.

Whatever is cause for challenge is cause for new trial if not discovered until the jury have retired. *Childress* v. *Ford*, 10 S. & M. 25; *McKinly* v. *Smith*, Hard. (Ky.) 167; *Vance* v. *Haslett*, 4 Bibb (Ky.) 191.

Where one has a pecuniary interest in the result it is good cause for challenge. 1 Bishop, Crim. Procedure, § 769.

*J. L. Harris,* for the State.

The only error insisted upon is the refusal of the court below to grant a new trial because one of the jurors was the county contractor.

Waiving consideration of the question whether or not this juror was thereby disqualified, we may dispose of the case upon other grounds.

The defendant did not use proper diligence by an examination of the juror on his *voir dire* touching his qualifications.

True, the general question was propounded whether there was any juror on the panel who knew of any reason why he should not sit as a juror in the trial of the case. No response was made.

We submit that this was no examination. The question presupposes a knowledge of law on the part of jurors that few, if any, possess. The examination must be specific and must be as to facts. Have you formed or expressed an opinion? Are you related to the parties? Have you an interest in the suit? These are some of the questions usually asked. *Brown* v. *The State*, 60 Miss. 447.

COOPER, J., delivered the opinion of the court.

There is no error in the record. The defendant contented himself in his examination of the jury with the very general question whether any of the jurors knew of any reason why they should not sit in the trial of the case, and thereby precluded himself from urging, in a motion for a new trial, the incompetency of the juror as to any matter which the usual examination would have disclosed. *Gregg* v. *The State*, 39 Miss. 570; *Brown* v. *The State*, 60 Miss. 447.

*Judgment affirmed.*