CHARLES H. LEDLIE, Respondent, v. JAMES GAMBLE, Appellant.

St. Louis Court of Appeals, April 2, 1889.

Arbitration: MOTION TO VACATE AWARD. The parties to a pending suit agreed to submit the controversy to an arbitrator, who afterwards made his award in favor of the plaintiff. The defendant moved to vacate the award, on the grounds, supported by his own affidavit on information and belief, that it was the result of a fraudulent combination and of undue influence practiced between the plaintiff and the arbitrator. All the facts stated in the affidavit were repelled by counter-affidavits, except the fact that the plaintiff's counsel had acted in some previous proceeding as attorney for the arbitrator. It appeared from the affidavit that the defendant was not aware of this fact at the time of the submission, but it did not appear that he was ignorant of it at the time of the hearing, which was some months later. It appeared from the affidavits that the arbitrator was selected and consented to act, upon the personal solicitation of the defendant, who was his friend and business customer. *Held*: The motion to vacate was properly overruled, and judgment was properly entered in accordance with the award.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED (*with damages*).

*Mortimer F. Taylor* and *Robert L. McLaran*, for the appellant.

The court erred in refusing to vacate the award. *Payne v. Oshea*, 84 Mo. 129, bottom p. 133 ; *Mayberry v. McClurg*, 51 Mo. 256. The facts in this case would justify the court in setting aside the award. *Chandler v. Fleeman*, 50 Mo. 239 ; *Hopkins v. Seivert*, 58 Mo. 201. A court of equity will relieve against the partiality and corruption of an arbitrator. *Heyeronimus v. Allison*,

52 Mo. 102. The fact that there is no evidence to support the verdict is sufficient proof of partiality. *Mitchel v. Curran,* 1 Mo. App. 453. The award was insufficient in this, that it did not embrace all matters submitted to the arbitrator, and should have been set aside. *Mitchel v. Curran, supra.*

*H. D. Wood,* for the respondent.

The only evidence in support of the motion to vacate the award is Gamble's affidavit. Nowhere in this affidavit does he deny that plaintiff rendered the services sued for; nowhere does he swear that he was not indebted to plaintiff, or that he has any defense to the action. It would not have been deemed necessary to file counter-affidavits had not the false charge of fraud been made. The counter-affidavits leave nothing for appellant to stand upon, except the fact that the counsel for plaintiff had acted as attorney for the gentleman who made the award. Does the fact, that the attorney of a party, who appears before an arbitrator, has acted as an attorney in matters for the arbitrator, *ipso facto* establish that the award was procured by fraud and partiality ? No authority can be cited in support of such a proposition. This view must be urged upon the theory that all lawyers are dishonest and disreputable. The affidavit nowhere states when the knowledge of the facts which are urged as evidence of fraud and partiality came to Gamble's knowledge. The case was set for hearing before the arbitrator on January 30, 1888, and the hearing was continued from time to time until March 26, 1888, when the award was published. Such an objection must be taken as soon as the party becomes aware of the fact creating the incompetency. Morse on Arb., pp. 104, 105 ; 6 Wait's Act. & Def., p. 554 ; *Ins. Co. v. Brehm,* 88 Ind. 582. The record in this case conclusively establishes that all matters submitted

to the arbitrator were passed upon. Nor could this point, if tenable, be urged here, because it was not called to the attention of the court below in the motion to vacate the award. *Philibert v. Beach*, 4 Mo. App. 470.

THOMPSON, J., delivered the opinion of the court.

This was an action for the value of certain services, alleged to have been rendered by the plaintiff for the defendant at his special instance and request. The petition contained four counts. The answer was a general denial. The parties entered into a stipulation submitting the controversy to an arbitrator. He made an award in favor of the plaintiff.. The defendant thereupon filed a motion to vacate the award, on the ground that it was the result "of a fraudulent combination and of undue influence practiced between the plaintiff" and the arbitrator ; charged that the award was in fraud of the rights of the defendant and the result of a combination and conspiracy to bring about the result as reached by the arbitrator. The motion was supported by the affidavit of the defendant alone. Most of the statements in his affidavit were made on information and belief. They, except one, were met and repelled by counter-affidavits.

The fact not thus repelled, and which is admitted, is that, at the time when the submission was made and when the hearing before the arbitrator took place, the attorney for the plaintiff was counsel for the arbitrator in some other matter the nature of which is not disclosed. The defendant's affidavit shows that he did not know this fact *at the time when he agreed to the submission*, but it does not state that it did not come to his knowledge before the hearing took place before the arbitrator, and the record shows that a considerable time elapsed between the two events. If he knew of the fact before the hearing, he should have objected to it, and brought

the matter to the attention of the court and moved to
vacate the order of submission, which motion would
have addressed itself to the court's discretion.    Such a
case is analogous to that where a party knows of a
ground of disqualification in a juror, but nevertheless
allows the trial to proceed without objection, taking his
chances of a favorable verdict, and then, if the verdict is
against him, making his objection for the first time by
motion for a new trial,—in which case it is well settled
his objection will not avail.    *Lisle v. State*, 6 Mo. 426;
*State v. Daniels*, 66 Mo. 207, 208; 1 Thomp. Tr., sec.
114, and cases cited in note 8.    In the case of a juror, in
order to make such an objection available after verdict,
it must appear, not only that the disqualifying fact was
unknown to the objecting party before the trial, but also
that it would not have been disclosed to him on a proper
inquiry.    *Ib.*, p. 113, and cases cited.    Moreover, for the
purposes of this rule the *knowledge of the attorney* is
the *knowledge of the client.    Ib.*    Hence it has often
been held that, in an affidavit in support of a new trial
on the ground of the disqualification of a juror, the
affiant must allege that not only himself but also his
attorneys were not informed of the disqualifying cir-
cumstance in time to make the objection seasonably.
*Achey v. State*, 64 Ind. 56; *Booby v. State*, 4 Yerg.
( Tenn. ) 111; *State v. Tuller*, 34 Conn. 280; *Clough v.
State*, 7 Neb. 320; *Morrison v. McKinnon*, 12 Fla. 552;
*Brown v. State*, 60 Miss. 447; *M'Clure v. State*, 1 Yerg.
(Tenn.) 206, 219.    We know of no reason why these
principles should not apply to motions to set aside the
awards of arbitrators.    The affidavit of the defendant
does not exclude the conclusion that the circumstance
complained of was known to his counsel at the time
when the submission was agreed upon, though unknown
to himself; nor is it stated that it might not have been
discovered by the defendant by reasonable inquiry.

On the other hand, the affidavit of the arbitrator
and also that of the plaintiff show that the defendant

Ledlie v. Gamble.

was the moving party in naming the gentleman who was selected to act as arbitrator. The affidavit of the arbitrator also shows that he consented to act as arbitrator *at the personal solicitation of the defendant, who was a friend and customer of the arbitrator.* Neither of these statements is contradicted. The affidavits, then, leave the case as one where the defendant was the moving party in nominating the arbitrator ; where he selected a friend with whom he had business relations ; and where he is now asking the court to vacate the award because of the discovery of the fact that the arbitrator had business relations with the attorney of the plaintiff. On this ground he is basing a charge of fraud, conspiracy, collusion and undue influence, and dragging into the charge a reputable member of the bar. For a party to select a gentleman to act as arbitrator in the settlement of a controversy, and then, because the award goes against him, to make, without substantial evidence to support it, charges against the arbitrator which, if made under circumstances not privileged, would be grossly libelous, is, to say the least, an ungracious thing. It is still worse when the accusation is leveled also against a reputable member of the bar.

The appeal is so plainly without foundation that the judgment of the court overruling the motion to vacate the award, affirming the same and rendering judgment thereon, will, in accordance with the prayer of the respondent, be affirmed with ten per cent. damages. All the judges concur.