HENRY BRIDGES *v.* STATE OF MISSISSIPPI.

1. CRIMINAL LAW. *Burglary. Offer to pay for release. Evidence.*

Upon the trial of a defendant for burglary, it is incompetent for the state to prove that the accused, when arrested, offered, while denying all guilt, to pay the owner the money charged to have been stolen, upon condition that he should be released and nothing should be done about the matter, especially where the offer was but a verbal acceptance of a proposition to that effect.

2. SAME. *Footprints. Measurement of defendant's foot. Right to compel.*

Where, on a trial for burglary, witnesses testified to seeing tracks of some one going to and from the house burglarized, and that the tracks were defendant's, it was proper to refuse to compel defendant to submit to a measurement of his foot.

FROM the circuit court of Pike county.

HON. MOYSE H. WILKINSON, Judge.

Bridges, the appellant, was indicted, tried, and convicted of burglary, and from the conviction and sentence thereunder he appealed to the supreme court.

The evidence for the state was to the effect that appellant had been picking cotton for one Magee, in the neighborhood, on Friday, and the next Monday morning, while Magee and his family were away, some one broke into their residence and stole $12 in money. No one knew who was guilty, but Magee testified that he saw tracks of some person going to and away from his house, and that he knew defendant's tracks, and that the tracks leading to and from his house were defendant's tracks. One witness testified that he saw defendant on the morning of the burglary at a place several miles away, but he was going in the direction of Magee's house. James Martin testified that he saw the tracks, and they were defendant's tracks; that he arrested defendant that day, and started to town with him, and when they got near town he said to defendant: "You took Magee's money, and don't you say another time you didn't take it." He said: "I won't say it any more." This witness further testified that he told the prisoner that if he would pay the $12 back there would be nothing more of the prosecution, after which the prisoner said, "If you will carry me back, I will get this money from ma, and give it to him;" and the witness then said, "All right," and brought him back; and when he got to his ma's house he wanted to go in and get a match, and witness told him again that, if he would "get that money and pay it up, we would have nothing to do with it. And when we got to his mother's, she said she did not have any money."

*Thomas Mitchell,* for appellant.

*William Williams,* attorney-general, for appellee.

TRULY, J., delivered the opinion of the court.

The testimony of the witness Martin, detailing an alleged conversation with appellant, in the course of which he agreed to pay Magee the amount of money said to have been stolen, was plainly inadmissible. According to the witness' own story,

the appellant at no time admitted either that he had burglarized the house or had possession of the identical money which had been stolen, and his agreement to make good the loss, if he could procure the money from his mother, was simply an acquiescence in a proposition previously made by witness—that, if the appellant "would get that and pay it up, we would have nothing to do with it." Even an absolute and unequivocal confession of guilt, if induced by an offer of compromise and a promise that payment would prevent a prosecution, would be clearly incompetent. Manifestly, therefore, this vague and indefinite offer to pay, admittedly made only under the hope of thereby procuring immunity from criminal prosecution, should have been promptly excluded when the motion on the score of incompetency was presented. Under the meager facts of this record—depending mainly, if not exclusively, upon an identification of tracks—the admission of this testimony was highly prejudicial to the appellant.

The action of the court in refusing to compel the defendant to submit to a measurement of his foot was eminently proper.

*Reversed and remanded.*