GEORGE CUNNINGHAM v. STATE OF MISSISSIPPI.

[48 South. 297.]

CRIMINAL LAW AND PROCEDURE. *Separation of jury in murder case. Effect.*

A conviction of murder will not be set aside because one of the jurors separated himself from his fellows during their deliberations, where it is highly improbable that he was communicated with during the separation.

FROM the circuit court of Monroe county.

HON. EUGENE O. SYKES, Judge.

Cunningham, appellant, was indicted and tried for the murder of Polly Johnson, was convicted and sentenced to the penitentiary for life, and appealed to the supreme court.

One of the grounds assigned in appellant's motion for a new trial was predicated of the fact that during the deliberation of the jury and before rendition of the verdict one of the jurors separated himself from his fellows. The testimony of the bailiff showed that when the jury had retired for the night, during their deliberation, he was awakened from sleep, about two o'clock at night, by the re-entry into the jury room of Juror Grady; that he did not know when the juror left the room; that no officer accompanied him when he separated himself from his fellows; that the juror, in answer to witness's inquiry, stated that he had left the jury room to obey an urgent call of nature and that he had only gone a few feet for that purpose, and had preferred not to awaken witness who was asleep when he departed.

There was no evidence that any one had communicated with the juror, or that his temporary separation from his fellows in any way affected the result of the case.

*George C. Payne,* for appellant.

Under the decision of *Skates v. State,* 64 Miss. 645, 1 South. 843, the verdict was clouded by the separation of the juror,

Grady, from his fellow jurymen. The juror left the jury-room without permission and without the bailiff's knowledge. No one save himself knew whither he went, how long he stayed away from the jury-room, and whom, if anyone, he met while absent.

When the appellant proved, as he did, the absence of the juror, it devolved upon the state to offer evidence in explanation of the absence; and as the state failed to do so, the judgment based upon the clouded verdict, should be reversed and the case remanded.

*George Butler,* assistant attorney-general, for appellee.

The facts in evidence overwhelmingly show that the appellant was guilty of a most shocking murder. Appellant contends that he should have been granted a new trial because of the separation of one juror from the others while they were spending the night in charge of their bailiff. But the evidence submitted on the hearing of appellant's motion for a new trial was merely that the juror, Grady, at about two o'clock in the early morning, felt the urgent calls of nature, and, without awaking the sleeping bailiff, stepped out of the jury room and went only about fifteen steps when he necessarily went no further. After he finished relieving his physical necessities, he promptly returned, awoke the bailiff and told him of the occurrence; and this is all of the evidence in the matter. At the unseemly hour of the night, there could have been no probability of the juror's meeting or talking with anyone. Nor was the action of the juror open to suspicion. *Skates v. State,* 64 Miss. 645, 1 South. 843; *Martin v. State,* 71 Miss. 87, 14 South. 530; *Nunnery v. State,* 87 Miss. 542, 40 South. 431.

FLETCHER, J., delivered the opinion of the court.

We do not think the proof as to separation of the juror Grady from his fellows is sufficient to reverse this case. It was said in *Skales v. State,* 64 Miss. 645, 1 South. 843, 60 Am. Rep.

70, that it is not enough for the defendant to show that possibly some person might have been with the juror and communicated with him. In the case at bar it is highly improbable that the juror saw anybody during the period of his enforced withdrawal from the body of the jury.

Though we are earnestly urged to reverse the case on the facts, after a careful consideration of the evidence, we do not feel justified in disturbing the verdict of the jury.

*Affirmed.*