## Bailey v. State.[*]

(Division A.    April 18, 1927.)

[112 So. 594.    No. 26049.]

1. CRIMINAL LAW. *Law authorizing court, when maintaining organization intact, to inspect place of crime, held constitutional (Hemingway's Code, section 2213; Constitution 1890, section 26).*

Hemingway's Code, section 2213 (Code 1906, section 2720), authorizing court, on maintaining organization intact, to inspect place of crime, *held* not in violation of Constitution 1890, section 26, since such section does not require that whole of criminal trial must take place in courthouse, as designated by appropriate statute.

2. CRIMINAL LAW. *That defendant, while jury were viewing room in which homicide occurred, stood in door or hall, held not violation of constitutional right to be present (Hemingway's Code, section 2213).*

That defendant, while jury were inspecting room where homicide occurred, pursuant to Hemingway's Code, section 2213 (Code 1906, section 2720), stood within door of room or in hall immediately in front of the door, *held* not to have constituted a violation of his constitutional right to be present while jury were viewing room, since he was to all intents and purposes within the room, for it and the jury were under his observation, and jury was within few feet of him.

3. CRIMINAL LAW. *Inspection of porch by some jurors while others remained in hall held not "separation of jury," in violation of defendant's rights (Hemingway's Code, section 2213).*

Where some of jurors, while jury was inspecting room in which homicide occurred, as authorized by Hemingway's Code, section 2213 (Code 1906, section 2720), went onto porch a few feet from door of room, while other jurors remained in hall leading thereto, the entire jury remaining in control of bailiffs, there was not

such a "separation of jury" as constituted a violation of defendant's rights.

4. CRIMINAL LAW. *Improperly admitting testimony as to defendant's sanity held harmless, where testimony would not have justified finding of insanity.*

Evidence of sheriff relative to defendant's sanity, without having testified to sufficient facts to justify formation of opinion, although inadmissible, *held* harmless, where there was nothing in testimony that would have remotely justified finding of insanity, and court might have declined to submit such issue.

---

*Corpus Juris-Cyc. References: Criminal Law, 16CJ, p. 816, n. 57; p. 826, n. 94; p. 1078, n. 46 New; 17CJ, p. 317, n. 10; Trial, 38Cyc, p. 1313, n. 95; p. 1314, n. 5, 8.

APPEAL from circuit court of Scott county.

HON. G. E. WILSON, Judge.

James Bailey was convicted of manslaughter, and he appeals. Affirmed.

*Mize & Mize, Mize & Dudley* and *Chas. W. Crisler,* for appellant.

I.  The objection interposed by appellant to the jury viewing the scene of the homicide was that the state permitted the jury to move from the courthouse to the scene of the alleged homicide, which is unconstitutional; that the constitution contemplates that the trial in a criminal case, especially a capital case, shall be had at the court and specifically guarantees certain rights to an accused.  See section 26, Constitution of 1890.

The statute giving the court the right to migrate from place to place is unconstitutional for the reason that the accused cannot have compulsory process for his witnesses, which under the Constitution he has no right to have returnable to any place except the courthouse.

There must be some definite place for holding a court, a place where witnesses, jurors, officers and other members of the court can be required to appear. *Sexton* v.

*Coahoma County*, 86 Miss. 960. See, also, *Harris* v. *State*, 72 Miss. 960.

We submit that under section 2213, Hemingway's Code, the defendant was denied his constitutional right to be confronted by his witnesses as it does not confer any authority to have compulsory process for witness to appear at any place other than the courthouse. Furthermore, the authority to question witnesses at the scene of the alleged homicide is limited and restricted, and evidence that would be competent if introduced at the courthouse would not be competent at the scene of the homicide, as this statute limits and restricts the testimony that may be taken at the scene of the homicide.

II. On this tour of inspection the appellant could go only where the sheriff would permit him to go and while the jury in this case was making the inspection of the room where the alleged homicide occurred, the appellant was not in the room. Appellant had a right to go into the room and be present while the inspection was being made. There is no question of waiver of that right where he was in the custody of the sheriff and hence under absolute control of the court. *Bell* v. *State*, 66 Miss. 192; *Rolls* v. *State*, 52 Miss. 391; *Long* v. *State*, 52 Miss. 23; *Stubbs* v. *State*, 49 Miss. 716; *Price* v. *State*, 36 Miss. 531; *Scoggs* v. *State*, 8 S. & M. 722; *Foster* v. *State*, 70 Miss. 755.

Evidently the trial court thought this an important part of the trial; otherwise it would not have made the order to transfer its hearing from the courthouse to the scene of the alleged homicide.

III. Not only was the appellant absent from the room while the jury was making the inspection, but the jury itself became separated. A part of the jury was in the room and some of them were on the little back porch. In this condition of affairs, the defendant in the custody of the sheriff and his deputy could not be in the room with

one wing of the jury and be on the back porch with the
other wing of the jury. However, as a matter of fact,
being in the custody of the sheriff, he was with neither
wing of the jury, but was in the hall separated entirely
from both wings of the jury.

In *Green* v. *State,* 59 Miss. 501, it was held that separation from jurors of a fellow juror in a capital case will
cause a reversal if no other fact is known. The burden
of proof is on the state to show that none of the jury
was communicated with and that proof must be clear if
the verdict is to be upheld. *Carter* v. *State,* 78 Miss. 351;
*Skates* v. *State,* 64 Miss. 644; *Green* v. *State,* 59 Miss. 501;
*Durr* v. *State,* 53 Miss. 425; *Nelson* v. *State,* 47 Miss. 632;
*Organ* v. *State,* 26 Miss. 78; *Cartwright* v. *State,* 71 Miss.
82.

This appellant contends that he had a right to an
orderly, judicial determination of his guilt or innocence,
and that the circumstances attendant upon this part of
the trial deprived him of this right to his very great
prejudice.

IV.    The appellant assigns as error on the part of the
court below the action of the court in admitting the testimony of Floyd McKenzie, witness for the state, to the
effect that in his opinion the appellant was sane at the
time he committed the alleged homicide. *Wood* v. *State,*
58 Miss. 741; *Bocott* v. *State,* 96 Miss. 125; *Bishop* v.
*State,* 96 Miss. 847; *Douglas* v. *State,* 107 So. (Ala.) 791.

The court below erred in admitting the non-expert testimony of Sheriff Floyd McKenzie for the reason that
he had only a slight acquaintance with the appellant and
that while he was confined in the jail in custody of the
sheriff after the alleged homicide and that he was, therefore, not qualified to testify as a non-expert witness, and
also for the reason that his testimony was prejudicial
to the defendant.

*Rufus Creekmore,* Special Assistant Attorney-General, for the state.

I. Counsel object to the action of the court in permitting the jury to view the scene of the homicide. The specific objection made by them is that the statute permitting the removal of the court to the scene of the crime is violative of section 26, Constitution of 1890, in that it does not give to the defendant the right to have compulsory process for obtaining witnesses in his behalf. Read the statute, section 2213, Hemingway's Code (section 2720, Code of 1906).

The wording of the statute itself has answered the objection raised by counsel. The legislature had the power to prescribe that a part of the trial of a criminal case should be held at the scene of the crime and such a statute would be constitutional. Our court, however, in the majority opinion of the *Marshall Jones case,* 107 So. 8, has said that this particular statute did not even go that far; that is to say, the detailed examination of the witnesses should be had at the courthouse, but that the jury could view the place and have pointed out and explained to them the surrounding and material physical facts.

The cases cited by counsel in their brief on this point are clearly inapplicable. There was no constitutional question involved in any of them, but they dealt merely with the validity of orders which were enacted or passed at places other than the place designated by the statute as the proper place for passing them. Counsel next insist that the statute is unconstitutional because it does not confer on the defendant the unrestricted right to examine the witnesses at the scene of the crime. A complete answer to this is that the Constitution merely provides that the defendant shall be confronted by the witnesses against him at the trial of the cause. The defendant was present with the jury when the scene of the homicide was visited and he was confronted there with the wit-

nesses against him: the inanimate objects. None of his constitutional rights are violated by this procedure.

Inasmuch as the Constitution fixes neither the place of holding the trial of criminal causes, nor the place for the examination of the witnesses, no constitutional question whatsoever is presented by the objections which are here raised by counsel.

Then, too, in this particular case the defendant is in no position to raise this objection even though the statute were unconstitutional. He has neither requested compulsory process returnable at the scene of the crime, nor has he asked the court that he be permitted to examine orally any witness at the scene of the crime. It is well-settled law that the court will not pass upon a constitutional question unless it be properly presented and unless it is necessary for a decision of the case that it be passed on. *Adams v. Capital State Bank,* 74 Miss. 3-7, 20 So. 888; *Flora* v. *Am. Express Co.,* 92 Miss. 66, 45 So. 149; *Neville* v. *Adams Co.,* 123 Miss. 413, 90 So. 583; *Whitefort* v. *Homochitto Lbr. Co.,* 130 Miss. 14, 93 So. 437; *Meeks* v. *Humphreys Co.,* 133 Miss. 386, 97 So. 674.

II. Counsel next insists that the defendant was denied his constitutional right to be present with the jury when they were examining the room where the shooting occurred. On this point the record shows that while the defendant did not actually go into the room itself with the jury, yet he together with the sheriff and his attorneys stood in the doorway to the room where they were in a position to see and hear clearly everything that occurred in the room. 8 R. C. L., section 48, page 90.

III. Counsel next argue that this cause should be reversed because, as they say, there was a separation of the jury while the view of the scene of the crime was being had. The rule is qualified in that if it affirmatively appears that there has been no communication with the jury by outsiders, or if it appears that the jury has not been influenced, the defendant is not entitled to a discharge

147 Miss.—28.

of the jury and a new trial. We accept the cases cited as announcing the correct principle of law. The facts in the case at bar, however, make the general rule there announced inapplicable here. Counsel have failed to cite a single case which holds that there has been a separation of the jury under such a statute of facts as is presented in the instant case. The question which we have here is whether or not there was in fact a separation of the jury in the legal sense of the word.

The trial judge was present at all times during the view of the scene by the jury and he was certainly in a position to judge and to decide this question of fact better than is this court, which has before it only the bare record. This court will not disturb the finding of the jury on this question of fact. *Skates* v. *State,* 64 Miss. 644; *Hall* v. *State,* 1 So. (Miss.) 351; *Cunningham* v. *State,* 94 Miss. 228, 48 So. 297; *Johnson* v. *State,* 106 Miss. 94, 63 So. 338; *White* v. *State,* 107 So. (Miss.) 756.

IV. *The non-expert testimony.* The rule is well settled in this state that the testimony of witnesses who are not expert, but who have had the opportunity of observing the actions of the defendant over a period of time and who have known him and are familiar with him, is admissible on the question of sanity, and they are permitted to give their opinions as to the sanity or insanity of the defendant when the facts on which the opinion is based are also given. *Bacot* v. *State,* 96 Miss. 131.

In this case the witness gave as his opinion that the defendant was sane at the time of the commission of the crime. He went further than this and stated the facts on which he based his opinion. Under the authorities cited by counsel in their brief the testimony of the witness was clearly competent.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a conviction of manslaughter, followed by a sentence to the penitentiary for ten years.

The appellant admits having killed the deceased, and offers as an excuse therefor that he was then temporarily insane.

The homicide occurred in a room occupied by the deceased in a boarding house in the town where the case was tried. Over the objection of the appellant, the court, maintaining its organization intact, visited and inspected the room in which the homicide occurred. The ground of the appellant's objection to this proceeding is that section 2720, Code of 1906 (section 2213, Hemingway's Code), under which the proceeding was had, violates section 26 of the Constitution in that the necessary implication of that section is, that the whole of a criminal trial must take place in the courthouse, the place designated by appropriate statutes therefor. The section contains no such requirement, and the statute here in question simply gives the court the power to do that in all cases which it had at common law the power to do in certain civil cases, 38 Cyc. 1313 et seq. All constitutional objection to the statute as it appeared in the Code of 1892 was removed by the amendment made thereto by chapter 62, Laws of 1894, pursuant to the holding of this court in *Foster* v. *State,* 70 Miss. 755, 12 So. 822.

The room in which the homicide occurred was small, and was entered from a hall. While the jury were in the room, the appellant, in the custody of a deputy sheriff, stood either in the door of the room, which was open, or in the hall, immediately in front of the door. This he claims was a violation of his constitutional right to be present while the jury were viewing the room. Assuming that he then objected to the jury being in the room without his also being therein, which fact the record seems to negative, he was to all intents and purposes in the room, for it and the jury were under his observation; the jury being within a few feet of him.

The hall opened onto a porch, the door to which was a few feet from the door leading from the hall into the room where the homicide occurred. The jury inspected this

porch also, and some of the jurors went on the porch
while the other jurors remained in the hall; the entire
jury remaining in control of the bailiffs. When the court
returned to the courtroom, the appellant moved to dis-
charge the jury for the reason that the court was without
power to view the scene of the homicide, that he was not
in the room when it was examined by the jury, and that
the jury had separated, as hereinbefore set out. The
first of these two objections has been hereinbefore dis-
posed of, and the third is wholly without merit.

The sheriff of the county was introduced as a witness
for the state, and was asked if, in his opinion, the ap-
pellant was insane at the time of the homicide. An ob-
jection to this question on the ground that the sheriff
had not qualified as an expert, was overruled, and he
answered that, in his opinion, the appellant was sane.
On being asked on what he based this opinion, his an-
swer was that, when he arrested the appellant immediate-
ly after the homicide, he was nervous, but appeared other-
wise to be normal. This evidence should not have been
admitted, for the reason that the facts testified to by
the witness were insufficient to justify the forma-
tion by him of an opinion as to the appellant's sanity
that would be of any value to the jury. The admission of
this evidence was, however, harmless, for the reason that
there is nothing in the testimony that would have re-
motely justified the jury in finding that the defendant
was insane at the time he killed the deceased, and the
court might very well have declined to submit that issue
to them. *Jones* v. *State,* 97 Miss. 269, 52 So. 791. It is
manifest from the evidence that the appellant was per-
fectly sane when he killed the deceased, and that his rea-
son for so doing was, as stated by him, "that he had de-
stroyed my (his) home;" and the fact which reduces
the killing from murder to manslaughter, and which justi-
fied the court in granting to the state a manslaughter in-
struction, to which the appellant here objects, was that
the jury believed the appellant's statement that he killed

the deceased immediately on discovering him in bed with his (the appellant's) wife.

*Affirmed.*