QUEEN *v.* STATE.[*]

(Division B. March 4, 1929.)

[120 So. 838. No. 27600.]

*Corpus Juris-Cyc. References: Criminal Law, 16CJ, section 2744, p. 1226, n. 18; 17CJ, section 3580, p. 238, n. 26; section 3717, p. 355, n. 2.

*H. P. Farish, S. B. Thomas* and *James W. Cassedy,* for appellant.

*Rufus Creekmore,* Assistant Attorney-General, for the state.

·ETHRIDGE, P. J. The appellant was indicted by the grand jury of Washington county for the murder of T. E. Fussell; convicted of manslaughter, and sentenced to the penitentiary for eight years. It will not be necessary to set out in detail the facts of the killing. One of the assignments of error is as to the insufficiency of evidence to justify a conviction. We think it sufficient to say that we have examined the evidence, and it is abundantly sufficient to sustain a conviction.

It is also assigned for error that one Roy Henry made a statement to Policeman Gibson, traffic officer, before he was summoned on the jury, to the effect that he thought the appellant was guilty and should be hanged,

and that this statement was unknown to the appellant or his attorneys when the jury was accepted. The juror Roy Henry denied making any such statement. Besides, there was no affidavit by the defendant, or his attorneys, that they had no knowledge of this statement prior to submission of the case to the jury. This should be done in order to predicate error. *Lipscomb* v. *State,* 76 Miss. 223, 25 So. 158; *Brown* v. *State,* 60 Miss. 447; *Harris* v. *State,* 61 Miss. 304; *Salmon* v. *State* (Miss.), 118 So. 610.

It was also alleged that, while the jury was deliberating, or after the jury had retired to consider their verdict, the juror Henry withdrew himself from the company of his fellows at night and went into the superintendent of education's office in the courthouse, which adjoined the courtroom in which the jurors were sleeping for the night, and there was a telephone in such office. It appears that the jurors were sleeping in the courtroom, and an electric fan was being operated therein, and that the juror Henry could not sleep under a fan, and that he got up and went into the superintendent of education's office, it being night, and such office unoccupied, and that the bailiff discovered that one of the jurors was absent and went into the office, and Henry stated to him that he could not sleep under the fan, and that he went into the superintendent's office and read during the night. He also testified that he did not sleep, but that he saw no one, and had no communication with any one except the bailiff.

It is settled law in this state that the mere fact of separation alone is not sufficient to reverse, where there has been no opportunity for a juror to converse with other people, and where, in fact, no communication with any other persons is shown. If the juror should separate and should come in contact with people in such way as to make it appear that he has had opportunity to communicate with others, then the verdict would be set aside.

But where it is affirmatively shown that he did not come in contact wth other persons, and had no communication with other persons, the verdict will not be set aside by the mere fact of separation. *Skates* v. *State,* 64 Miss. 644, 1 So. 834; *Cunningham* v. *State,* 94 Miss. 228, 48 So. 297; *Johnson* v. *State,* 106 Miss. 94, 63 So. 238; *White* v. *State,* 142 Miss. 484, 107 So. 755; *Bailey* v. *State,* 147 Miss. 428, 112 So. 594; *Sullivan* v. *State,* 149 Miss. 412, 115 So. 552; *Saunders* v. *State,* 150 Miss. 296, 116 So. 433.

*Affirmed.*

