# Turner *v.* State.

(Division A.  Nov. 16, 1936.)

[170 So. 642.  No. 32480.]

**J. W. P. Boggan,** of Tupelo, for appellant.

**Webb M. Mize**, Assistant Attorney General, for the state.

**Cook, J.**, delivered the opinion of the court.

Appellant was convicted of assault and battery with intent to kill and murder one Rodney Howell, and sent to the penitentiary for a term of seven years; and from this conviction and sentence, this appeal was prosecuted.

The testimony offered by the State fully supports the verdict, while the appellant's testimony, if believed, showed justification on the ground of self-defense. The first assignment of error is based upon the admission of testimony of the party alleged to have been assaulted to the effect that, after the case was in court, the appellant offered to pay his doctor's and hospital bills if he would let the matter drop. While there is some authority for the view that offers of compromise are not admissible in criminal cases, the great weight of authority is to the effect that the rule as to inadmissibility of offers of compromise in civil cases is not applicable in criminal cases, and that a voluntary offer of compromise is admissible. 16 C. J. 1264, and authorities there cited. In Bridges v. State, 86 Miss. 377, 38 So. 679, a vague and indefinite offer to pay for alleged stolen property was held to be inadmissible where the offer to pay was induced by an offer of immunity from prosecution if the accused would repay the stolen money. Manifestly, any offer of compromise which is induced by a promise of immunity from prosecution would be inadmissible; for, as said in the Bridges Case, supra,

even "an absolute and unequivocal confession of guilt, if induced by an offer of compromise, and a promise that payment would prevent a prosecution, would be clearly incompetent." In the case at bar, the offer of compromise was voluntary; and there was no error in admitting evidence of the offer.

The appellant also complains of the exclusion of the testimony of his wife to the effect that, immediately after a prior alleged difficulty between said Howell and her husband in which her husband was cut with a knife, Howell came into the house with a bloody knife in his hand and washed the blood off the knife and off his hand. Conceding for the purpose of this decision that this testimony was admissible, its exclusion was not reversible error, for the reason that, without objection, appellant was permitted to show the same fact by another witness.

Appellant filed a motion for a new trial on the ground, among others, that one of the jurors was permitted to separate from his fellows and thereby was afforded opportunity to communicate with outsiders. The evidence offered on the hearing of his motion shows that while the juror separated from his fellows and walked about two blocks to a restaurant where he purchased lunches, yet he was accompanied all the while by a deputy sheriff and had no sort of communication with any one other than the deputy in charge. The mere possibility that a juror has been exposed to outside influences is not sufficient to vitiate a verdict, and from the evidence in this case, it affirmatively appears that no improper influences were brought to bear on the juror; and the court committed no error in overruling the motion to set the verdict aside. Skates v. State, 64 Miss. 644, 1 So. 843, 60 Am. Rep. 70; Haley v. State, 123 Miss. 87, 85 So. 129, 10 A. L. R. 462; Sanders v. State, 150 Miss. 296, 116 So. 433; Queen v. State, 152 Miss. 723, 120 So. 838; Wells v. State, 162 Miss. 617,

139 So. 859; Adams v. State (Miss.), 167 So. 59. We find no reversible error in the record, and therefore the judgment of the court below will be affirmed.

Affirmed.