BROCKMAN *v.* STATE.

Jan. 26, 1953

No. 38509          17 Adv. S. 5          62 So. 2d 362

*W. G. Burgin, Jr.,* and *Sims & Sims,* for appellant.

*J. T. Patterson,* Assistant Attorney General, for appellee.

ARRINGTON, J.

The appellant, Will Brockman, alias Will Brockway, alias Eddie Edwards; was indicted, tried, and convicted in the Circuit Court of Lowndes County for the crime

of murder, and was sentenced to life imprisonment in the state penitentiary.

The evidence on the part of the state establishes the following facts: On Saturday night, April 29, 1950, the deceased, William James, and his wife were working in their grocery store located in the City of Columbus, Mississippi; that the appellant was a regular customer of the store, and on the night of the killing, he came into the store at approximately 8:30 P. M. and made a purchase of groceries from the wife of the decesaed and had same charged to his account. The evidence shows that the appellant was working at the Wallin Lumber Company in Columbus, which was located on the same street as the grocery store and was approximately a block and a half or 600 feet from the store; that the appellant was employed as a fireman at the mill and on the night in question, he was working the hours from 2 o'clock P. M. until 10 o'clock P. M. According to the testimony of Mrs. James, wife of the deceased, she left the store around 9 o'clock P. M. to carry her children home, leaving the deceased counting his money; that she returned to the store in about fifteen minutes to get some articles which she had forgotten, and upon her return, she found her husband, the deceased, on the floor behind the counter dead.

One eyewitness, Bobbie Williams, a young negro boy 14 years of age at the time of the homicide, testified on the part of the state that he was sent to the grocery store of the deceased on the night of the shooting and that as he approached the store, he saw a man coming down the street; that this man entered the store just ahead of him and walked to the counter and asked Mr. James for some peas and eggs; that he, the eyewitness, went on to the meat counter and was looking at some meat. The deceased brought the peas and eggs and put them on the counter, and then he heard the appellant say, "Mr. James, hand over your pocket book", to which the de-

ceased replied, ''that what you come in here for?'' The appellant asked the deceased again, and then shot him, running from the store immediately.

The appellant did not testify in his own behalf and did not offer any witnesses, resting his case at the conclusion of the state's evidence.

The appellant assigns and argues the following errors: (1) That the court erred in overruling appellant's motion for a new trial on the ground of newly discovered evidence; (2) that the court erred in overruling motion for new trial on the ground that the verdict of the jury was against the overwhelming weight of the evidence; (3) that the court erred in permitting the state's witness, Chief of Police Vickery, to testify to contradictory statements made by the appellant; and (4) that the court erred in refusing requested instruction for the appellant.

The court committed no error in overruling the motion for a new trial, based on the ground of newly discovered evidence not known before or during the trial, for the reason that it is well settled by the decisions of this Court that ▇▇ ▇ both the accused and his attorneys must make affidavit as to their ignorance of such facts, or testify on oath, that they were ignorant of such facts during the trial. This requirement and rule of procedure was not complied with in the instant case. The appellant did not make the required affidavit or testify on the motion. Hilbun v. State, 167 Miss. 725, 148 So. 365, citing the following cases: Grady v. State, 158 Miss. 134, 130 So. 117; Salmon v. State, 151 Miss. 539, 118 So. 610; Queen v. State, 152 Miss. 723, 120 So. 838; Lipscomb v. State, 76 Miss. 223, 25 So. 158; Brown v. State, 60 Miss. 447; Harris v. State, 61 Miss. 304; Long v. State, 163 Miss. 535, 141 So. 591. Furthermore, we are of the opinion that this ▇▇ ▇ newly discovered evidence, if it had been introduced in the original trial, would not have induced a different verdict, as the evidence on the part of the state

in this case is not disputed or contradicted. Stewart v. State, 203 Miss. 295, 33 So. 2d 787.

The second assignment of error, that the verdict of the jury was against the overwhelming weight of the evidence, is not well taken for the reason that the only evidence in this record is the evidence offered by the state. ██ The only question for the determination of the jury was whether or not the testimony of the eyewitness, Bobbie Williams, was true as to his identification of the appellant as being the person that he saw shoot the deceased. We have held in a number of cases that the testimony of one eyewitness identifying the defendant is sufficient to sustain a conviction even where the witness is contradicted by other witnesses, which we do not have in this case. Coleman, et al. v. State, 155 Miss. 482, 124 So. 652; Ells v. State, 159 Miss. 567, 132 So. 572.

██ The next assignment argued is the improper admission of the contradictory statements made by the appellant. We find from an examination of the record that this testimony was heard by the court in the absence of the jury. Consequently, this was not error.

The final assignment argued is that the court erred in refusing requested instruction. This instruction was properly refused.

The evidence offered on the part of the state amply supported the verdict of the jury, and finding no reversible error in this record, the judgment of the court below is affirmed.

Affirmed.

*Roberds, P. J.,* and *Hall, Lee,* and *Ethridge, JJ.,* concur.