289 So.2d 901 (1974)
Frank PIERCE
v.
STATE of Mississippi.
No. 47701.
Supreme Court of Mississippi.
February 4, 1974.
Barnett & Brooks, Carthage, for appellant.
A.F. Summer, Atty. Gen. by Pete J. Cajoleas, Sp. Asst. Atty. Gen., Jackson, for appellee.
SMITH, Justice:
Frank Pierce was tried in the Circuit Court of Leake County upon a charge of assault and battery upon John Calvin Smith, a deputy sheriff of that county, with intent to kill and murder him. Pierce was convicted and sentenced to serve three years in the penitentiary. He appeals.
Smith, with another Leake County deputy sheriff and an officer of the Mississippi *902 Alcoholic Beverage Control Division, were in Madison County, a county which adjoins Leake, riding in an unmarked state automobile, when they observed Pierce driving a truck. Having knowledge that Pierce had engaged in illegal liquor traffic in former years, they followed him for the purpose of keeping him under surveillance. In so doing, no effort was made, and there was no intention, to pursue, overtake, or to arrest Pierce. Madison County is a "wet" county and Leake a "dry" county under the provisions of Mississippi law regulating the possession and sale of alcoholic beverages. Pierce stopped his truck off of the road and the officers passed him. The officers proceeded into Leake County, where they stopped their car over a "rise," and one of them got out and stood by the car. Shortly afterward Pierce came over the rise and, apparently observing the situation, sped away at a high and unlawful speed. The officers, for the first time, began to pursue Pierce for the purpose of arresting him for a violation of the speed laws. During the course of this pursuit they turned on a flashing blue light mounted on the dash of the automobile in which they were riding and activated a siren. Pierce pulled off to the side of the road and stopped. When the officers drew abreast, one of the deputies called to Pierce, "Frank, I'm Deputy Sheriff John Carpenter of Leake County." Pierce responded with an obscenity and fired at the officers three times with a shotgun loaded with buckshot. Deputy Smith was struck and wounded, suffering the loss of one eye.
Pierce testified that he did not reaize that his pursuers were officers (at the time one or more had been out of uniform, or partially so) and that he had fired only in necessary self-defense after the officers first had begun shooting at him. This testimony was sufficient to raise an issue of fact as to whether Pierce had acted in necessary self-defense in firing upon the officers.
It is contended on the part of appellant that the trial court committed several errors in the course of his trial, as the result of which, it is argued, he is entitled to a reversal of his conviction and to a new trial.
As already noted, Pierce's defense was that in firing his gun, he had acted only in necessary self-defense, at a time when he was confronted with what was, or reasonably appeared to be, imminent danger of losing his life or suffering great bodily harm at the hands of his assailants, whose official character was unknown to him at the time. The testimony of the officers to the contrary made a clear cut issue of fact upon the question of self-defense. In this situation, Pierce requested an instruction, which the court refused to grant, defining the burden of proof which rested upon the State with respect to such a defense, where there was evidence, which if believed by the jury, was sufficient to support it. Under the circumstances, the requested instruction was proper and should have been granted, and its refusal was fatal error. There was no other instruction, either for the State or for the defendant, setting out or dealing with the rule about which appellant desired that the jury be informed. Consequently, the denial of the instruction left the jury totally without any guide upon the subject and the omission was not cured by a reading of all of the instructions together.
It is next contended that appellant was prejudiced by the appointment of a material state's witness as bailiff of the jury. It appears that when the jury retired, the sheriff designated as bailiff one of the three officers who had testified as witnesses for the state and who had been active participants in the "shoot out" with Pierce. No objection was made to this designation and no question of any kind was raised about it until after the verdict. Although the case is to be retried and it is unlikely that this will again occur, we *903 deem it of sufficient importance to require mention.
Allowing a material state witness to serve as bailiff of a jury in a criminal case, is improper. Moreover, in this case, the appointee had actually participated in the very affray out of which the charge against Pierce arose. If timely objection had been made, and if such objection had been overruled, this would have constituted reversible error. Dunn v. State, 264 So.2d 823 (Miss. 1972). But here no objection was made and it must be assumed that, if there had been a timely objection, or if the matter had been brought to the court's attention, the bailiff would have been replaced. A defendant may not allow an objectionable condition to continue in the hope of receiving a favorable verdict, and when the verdict goes against him, interpose an objection for the first time. Nor is there any showing that appellant and his counsel were unaware of the situation. In Hilbun v. State, 167 Miss. 725, 148 So. 365 (1933), this Court said:
The court committed no error in overruling appellant's motion for a new trial, based upon the ground of the disqualification of the juror Cobb, which appellant claimed was not known to him before the trial. On a motion for a new trial based on facts not known during the trial, both the defendant and his attorneys must make affidavit, or testify under oath, that they were ignorant of such facts during the trial. Grady v. State, 158 Miss. 134, 130 So. 117; Salmon v. State, 151 Miss. 539, 118 So. 610; Queen v. State, 152 Miss. 723, 120 So. 838; Lipscomb v. State, 76 Miss. 223, 25 So. 158; Brown v. State, 60 Miss. 447; Harris v. State, 61 Miss. 304; Long v. State, 163 Miss. 535, 141 So. 591. This requirement of the law was not complied with in the case at bar.
(167 Miss. at 735, 148 So. at 366).
See also Stewart v. State, 203 Miss. 295, 33 So.2d 787 (1948).
Moreover, in the present case it was not shown that the bailiff was present during the deliberations of the jury nor that any prejudice resulted from his service as bailiff.
In view of the fact that the case must be reversed for a new trial, it is not necessary to respond in detail to the many criticisms directed by appellant at the nature and content of the jury arguments made by the county prosecuting attorney and district attorney. Attorneys who prosecute for the state are judicial officers of considerable prestige and their remarks are accorded great weight by lay citizens who comprise our juries. This Court many times has said in former cases that counsel should adhere to the facts in evidence and such inferences and conclusions which such evidentiary facts are reasonably capable of supporting. If a fact is relevant and there is competent evidence of its existence it should be proved. If a fact has not been proved it should not be injected into the case under the guise of argument for the purpose of inducing a verdict not justified by the law and the facts in evidence. It will be assumed in this case that upon retrial arguments will be governed by such considerations. Furthermore, while considerable latitude is to be accorded counsel in presenting his side of a case to a jury, emotional appeals and melodramatic actions should be eschewed and, in any event, must be held within reasonable bounds.
Other assignments have been carefully examined and considered and either are without merit or of such character as are not likely to recur upon a retrial of the case.
Reversed and remanded.
RODGERS, P.J., and PATTERSON, INZER and SUGG, JJ., concur.