WINNER & MEYER *v.* ALONZO G. WEEMS, GARNISHEE.

1. CORPORATIONS. *Name. Import of. Judgment.*

   The name, "Southern Insurance Company of New Orleans," in a judgment imports that the company so designated is a corporation.

2. SAME. *Garnishment.*

   A garnishment upon a judgment against the "Southern Insurance Company of New Orleans" is not void, and the garnishee cannot escape liability, because the record does not show whether the defendant in the judgment is a corporation, natural person, or a partnership.

3. PARTNERSHIP. *Names of partners.*

   If the record shows the names of the partners, who sue in the partnership name, a judgment in favor of the plaintiffs, designating them alone by their partnership name, is sufficient.

FROM the circuit court of Lauderdale county.

HON. GREEN B. HUDDLESTON, Judge.

Winner & Meyer, appellants, were plaintiffs in the court below; Weems, as garnishee, was a defendant there.

Winner & Meyer, a partnership, sued out an attachment before a justice of the peace of Lauderdale county for $86.71 against C. C. McMullen. The affidavit for attachment gave the individual names of the plaintiffs comprising the co-partnership. An attachment writ, embodying a garnishment, was issued. The writ was served on defendant, and the garnishment upon "A. G. Weems, agent Southern Insurance Company of New Orleans." "A. G. Weems, agent for Southern Insurance Company of New Orleans," answered that "the said Southern Insurance Company of New Orleans" is indebted to the defendant in the sum of $300.

Judgments were rendered in the justice's court on the attachment and debt issues in plaintiffs' favor, the plaintiffs being described therein alone by their co-partnership name, against defendant, McMullen, and also against "Southern Insurance Company of New Orleans," upon its answer as garnishee.

After this A. G. Weems was garnisheed upon the judgment in plaintiffs' favor against "Southern Insurance Company of New Orleans," and answered, admitting an indebtedness, but by his answer he contended that the judgment on which the garnishment issued was void, because it did not show whether "Southern Insurance Company of New Orleans" was a corporation, a natural person, or a co-partnership. The answer of Weems further set up previous garnishments of the funds admitted. The plaintiffs traversed the averments of the answer other than the admission of an indebtedness. The justice of the peace overruled the objection made by Weems, and rendered judgment against him in plaintiffs' favor, from which judgment Weems appealed to the circuit court. In the latter court Weems made a motion to strike from the files the traverse of his answer, and prayed to be discharged because of the invalidity of the judgment upon which the garnishment was issued. This motion was sustained, and the plaintiffs appealed to the supreme court.

*Ethridge & McBeath,* for appellants.

The name, "Southern Insurance Company of New Orleans, Louisiana," sufficiently identifies the garnishee. The name imports a corporation. In the case of *Adams Express Company* v. *Harris,* 7 L. R. A., 214, it is held that "the name of the defendant, 'Adams Express Company,' imports that it is a corporation, and it was not, therefore, necessary to specially aver that it was a corporation."

In *Cribbs* v. *Waycross Lumber Company,* 82 Ga., 597, s.c. 9 S. E. Rep., 426, it is held "that a corporation, by appearing to a suit, unless it sets up by a plea that it is not a corporation, cannot take advantage of a judgment not showing whether it was a firm, partnership, or a corporation."

The Southern Insurance Company appeared in this cause and filed an answer as garnishee. Any appearance is sufficient.

In *Saint Cecilia Academy* v. *Hardin,* 78 Ga., 39, s.c. 3 S. E. Rep., 305, the court says: "It is now too well settled to require argument, that if the name of the party is such as to import a corporation without other allegation, and proceeds to judgment in that shape, the judgment is not void," citing *Wilson* v. *Machine Company,* 55 Ga., 672.

The name "Southern Insurance Company of New Orleans, Louisiana," certainly imports a corporation if any name would. 5 Am. & Eng. Enc. L., 71, says: "A large number of the decisions based on this ground, that if a corporation sues or is sued by a name which imports a corporation, it is not necessary to aver corporate existence, or to set out the act by which it is incorporated. We cite twelve cases, in each of which it is held that the names involved import corporations: *"Methodist Episcopal Church of East Saginaw," Ladd* v. *Church,* 1 Mich. (N. P.), 47; *"Adams Express Company," Express Co.* v. *Harris,* 120 Ind., 73; *Express Co.* v. *Hill,* 43 Ind., 157; *"Mississippi, Ouachita & Red River Railroad Co.," Railroad Co.* v. *Caster,* 20 Ark., 455; *"Richmond & Danville Railroad*

*Company," Hanley* v. *Railroad Co.,* 89 N. C., 331; *"First National Bank of Crawfordsville," Sagers* v. *Bank,* 89 Ind., 230; *"Union Mutual Ins. Co.," Ins. Co.* v. *Osgood,* 1 Duer (N. Y.)., 707; *"Phenix Bank," Bank* v. *Donnell,* 41 Barb. (N. Y.), 572; 40 N. Y., 410; *"American Stove & Hollow Ware Co.," Gillett* v. *American, etc., Co.,* 29 Gratt. (Va.), 565; *"New England Fire Insurance Co.," Brauser* v. *Ins. Co.,* 21 Wis., 506; *"Exchange National Bank," Bank* v. *Capps,* 32 Neb., 242; *"The Thomas Harrow Co.," Seymour* v. *Harrow Co.,* 81 Ala., 252; *"Cincinnati, Hamilton & Indianapolis Railroad Co.," R. R. Co.* v. *McDougall,* 108 Ind., 179.

If the above names import a corporation, surely no one would contend that "Southern Insurance Company of New Orleans, Louisiana," does not so import.

*Miller & Baskin,* for appellee Weems.

An examination of the record will show that the judgment in favor of the appellants was taken in the name of Winner & Meyer, without describing them as partners, though the affidavit in attachment sets out the names of the members of the firm, and the record nowhere describes the "Southern Insurance Company of New Orleans" so as to identify whether it is a corporation, partnership or individual. We are advised that there are some authorities which hold that it is not necessary for the record to show that the defendant was a corporation, or that it was a partnership, etc., in order to obtain a valid judgment, provided the name imports a corporation. There are other authorities that go to the extreme that it is the duty of the court to take judicial knowledge of the existence of a corporation suing or being sued; and then there are authorities which hold that the pleadings and record should be certain in identifying parties plaintiff and defendant in order to obtain a valid judgment. Among the number are the following: *Devoss* v. *Gray,* 22 Ohio St., 161; *Smith* v. *Reid Sewing Machine Co.,* 26 Ohio, 562; *Chapman* v. *Colvy,* 47

Mich., 46; *Cheraw Ry. Co.* v. *White,* 14 S. C., 51; *Connecticut Bank* v. *Smith,* 17 How. Pr., 487; *Orobille Ry. Co.* v. *Plumas County,* 37 Cal., 360; *Loup* v. *California Southern R. R. Co.,* 63 Cal., 99; *Peeple* v. *Central Pacific R. R. Co.,* 83 Cal., 392.

The policy of our court has been to make pleadings certain as to the identity of the parties, and as to the amount of judgment—in other words, accuracy in pleadings is encouraged, if not required; while forms of pleadings are abolished, we still cling to the common law accuracy of pleadings, convinced that such is the wise course in presenting and adjudicating rights.

We submit that the name in this instance does not import a corporation, as we have practical knowledge of the fact that men conduct their business as individuals, under names that leave us in doubt as to whether or not such names be those of corporations.

We call the court's attention to the case of *Blackwell* v. *Reid,* 41 Miss., 102, and the later case of *Lewis* v. *Cline,* 5 So. Rep., 112.

WHITFIELD, C. J., delivered the opinion of the court.

It is the better view that the designation, "Southern Insurance Company of New Orleans, Louisiana," imports sufficiently a corporation. See authorities in brief for appellants. That Winner & Meyer are partners, their names being set out as such in the affidavit in attachment, also satisfactorily appears from the record. The motion to strike from the files the traverse of the answer of the garnishee should not have been sustained. If a more specific designation had been desired than "Southern Insurance Company," an amendment could easily have supplied it. Besides, the appellee, Weems, did not complain on the ground of insufficient designation of his principal, in his answer for it, to the garnishment writ.

*Reversed and remanded.*