## DAVIS v. STATE

### [67 South. 178.]

1. EMBEZZLEMENT. *Indictment. Sufficiency. Criminal law. Proof. Existence of corporation. Plea in abatement. Judge. Title to office. Motion to require election. Evidence. Request for instruction.*

   Under Code 1906, section 1136, an indictment charging that defendant, by virtue of his employment as a clerk and servant of a bank, had the bank's money in his possession, and feloniously embezzled the same and converted it to his own use, was not demurrable as failing to sufficiently charge that the money came into his possession by virtue of his employment as clerk and servant, or as failing to properly state the offense of embezzlement.

2. CRIMINAL LAW. *Proof. Existence of corporation.*

   Where proof of the corporate existence of a bank is required, its mere *de facto* existence, and the performance of the function of a bank, will meet the requirement.

3. CRIMINAL LAW. *Plea in abatement. Judge. Title to office.*

   In a criminal case, the title of the presiding judge to his office cannot be questioned by a plea in abatement to the indictment.

4. CRIMINAL LAW. *Motion to require election. Evidence.*
In a prosecution of an employee of a bank for embezzlement of a large sum of money by a series of embezzlements, extending over a long period of time, a motion to compel the state to elect on which particular item it would ask a conviction, was properly overruled, though there was evidence authorizing a conviction of more than one distinct embezzlement.

5. SAME.
It is competent for the court, in a trial for embezzlement, to allow evidence showing a series of acts, in pursuance of a conspiracy, as all the acts may together constitute conversion.

6. SAME.
Continuous offenses generally, if the pleader chooses, may, like those not continuous, be laid as on one day and proved by acts either on one day or many.

7. CRIMINAL LAW. *Harmless error. Instruction.*
Where in a prosecution for embezzlement, the defendant secured instruction containing a full statement of the law as to his rights, error, if any, in refusing an instruction for the defendant that the jury should try the case on the evidence, and not on the statement of attorneys, was harmless.

APPEAL from the circuit court of Adams county.

HON. N. E. JACKSON, Judge.

Mayor Davis was convicted of embezzlement and appeals.

This is an appeal from a conviction of embezzlement. The opinion states the facts.

Among other errors assigned, it is claimed that the third instruction requested by the defendant should have been given. Said instruction is as follows:

"(3) The court instructs the jury that they should try this case on the evidence produced from the witnesses, and not on the statements of attorneys."

*E. E. Brown,* for appellant.

The court erred in not sustaining the demurrer filed by the defendant to the indictment in this case. The indictment in the instant case is in practically the same

language as the indictment in *Richburger* v. *State*, 90
Miss. 806, except it omits the following allegation that
appears in Richburger indictment, to wit: "Which had
come into his possession and had been entrusted to his
care and keeping by virtue of his said employment as
such cashier."

It is true that the indictment alleges that the de-
fendant "being then and there the clerk and servant
of the Bluff City Savings Bank, a Mississippi corpora-
tion, did then and there, by virtue of his employment
as such clerk and servant, have in and under his care
and possession, of the property of the said Bluff City
Savings Bank, money in the amount of thirteen hundred
and eleven dollars," but there is no  specific allegation
that said money had been entrusted to him as such clerk
and servant.  Sec. 1136 of Code of Mississippi, under
which the indictment was drawn requires that the indict-
ment charge the employee embezzled money "which
shall have come or been entrusted to his care or pos-
session by virtue of his office, place or employment."

"There was no legal proof that the Bluff City Sav-
ings Bank is a corporation; and the court erred in ad-
mitting the statement of the witness Ross over objec-
tion that the Bluff City Savings Bank is a corporation,
this being the only evidence offered by the state to show
the same a corporation."  The indictment alleges the
Bluff City Savings Bank was a Mississippi corpora-
tion, yet the only suggestion in the record that it was
a corporation is contained on page 52 of record in di-
rect testimony of J. R. Ross, which is as follows: "Q.
Was the Bluff City Savings Bank a corporation? A.
Yes, sir.  Q.  Incorporated under the laws of the state
of Mississippi? A. Yes, sir. Judge Brown:  The
plaintiff objects to this mode of proving that the Bluff
City Savings Bank was a corporation. (The court over-
ruled the objection, and the defendant then and there
excepted to the ruling of the court.)"

In *Hampton* v. *State,* 54 So. 722, it is decided that ownership must be proven in embezzlement as it is in cases of larceny, burglary and false pretenses, and that an indictment charging defendant with embezzling funds of "American Express Company, "a corporation, cannot be sustained when the evidence shows the funds belonged to "American Express Company, a partnership."

In *James* v. *State,* 77 Miss. 370, WHITFIELD, J., in delivering opinion of the court said: "It is settled certainly that it is necessary to allege the ownership of the building burglarized, and to prove it as laid. And when a corporation is alleged to be the owner, there must be proof of the existence of the corporation." *Johnson* v. *State,* 73 Ala. 486; *Berry* v. *State,* 92 Ga. 47, and *Newton* v. *State,* 74 Ind. 338, are directly in point. Mr. Bishop says (2 New Cr. Proc. p. 71) that "the *de facto* character of the corporation only need be shown in evidence, citing authorities." And it is said in *Norton's case, supra,* that it is enough to prove that "the railroad company was known and acted as a corporation; but there is absolutely no testimony whatever in this record as to the existence of the corporation, Illinois Central Railroad Company, not chartered in this state; and this failure of proof would be fatal, if the error had been availed of especially in the court below." *James* v. *State,* 77 Miss. 370.

In this case there was no charter of Bluff City Savings Bank introduced, no testimony that the bank was holding itself out as a corporation and no evidence the bank was known and acting as a corporation. By objecting to the statement of Ross that said Bank was incorporated, by moving to exclude the testimony of the state and for a peremptory instruction at the conclusion of the evidence, the defendant properly availed himself in the lower court of the state's failure to either prove properly that said bank was in fact incorporated or that it held itself out or was known and acting as a corporation.

Third: "The court erred in not sustaining the motion by defendant to require the state to select some one of the several items alleged to have been embezzled and rely on same for a conviction in this case."

Fourth: "The court erred in overruling the numerous objections made by the defendant to the evidence offered by the state of discrepancies in the books kept by defendant when compared with books kept by the witness Ross, and in permitting the witness to testify over the objection of defendant to some forty-odd items of such discrepancies."

Seventh: "The court erred at the conclusion of the evidence of the state in refusing to require the state to elect which of the several items of discrepancies the state would rely on for a conviction in this case."

Eighth: "The court erred, after the state had furnished to defendant a list of over twenty-odd items alleged to be double charges of checks and a list of over twenty-odd items of deposits appearing on the individual ledger kept by the witness Ross and not shown in the cash book kept by the defendant, to require the state to elect which of these lists, either the checks or deposits, the state would rely on for a conviction in this case."

Ninth: "The court erred in overruling the motion of defendant to require the state at the conclusion of its evidence to elect which of the several items of embezzlement it would rely on for a conviction in this case." As they all relate to the same character of error, I will argue together the third, fourth, seventh, eighth and ninth assignments of error.

Claiming all of them were items embezzled by defendant, the state introduced over twenty instances of checks it claimed were double charged by defendant on his daily cash book, because they did not appear on the individual ledger kept by cashier Ross, and also introduced over twenty items of deposits as having been

embezzled by defendant, because they did not appear on defendant's daily cash book and did appear on the individual ledger. Not only did the evidence show the books, including the individual ledger were very incorrectly kept, but there was evidence of deposits made that appeared on the defendant's cash book and not on the cashier's individual ledger and of checks charged on the individual ledger that were not charged on the daily cash book.

Again, even had the evidence not shown how very incorrect was the bookkeeping, the state under the indictment should have been required to confine its evidence to a single item alleged to have been embezzled. Defendant was indicted under section 1136 of Code of 1906, for embezzling a specific sum of money, to wit; one thousand three hundred and eleven dollars, and not for embezzling "a balance of account," as provided for in section 1436 of said Code.

In *Starling* v. *State*, 90 Miss. 255, the conviction was sustained, because the indictment charged defendant with "having embezzled a balance of account of seventy-two thousand dollars" and because "the evidence overwhelmingly showed the appellant guilty of every single act of embezzlement shown in the testimony," see page 274 of 90 Miss.

Starling was indicted for embezzling a balance of account under both sections 1058 and 1364 of Code of 1892, which are now sections 1136 and 1436 of the Code of 1906. In *Richburger* v. *State*, 90 Miss. 806, the appellant was indicted under section 1058 of Code of 1892, now section 1136 of Code of 1906, for embezzling a specific sum of money, to wit: eight thousand six hundred and fifty-nine dollars and fifty-nine cents, and not a balance of account under section 1364 of Code of 1892, now section 1436 of Code of 1906. It seems evidence had been introduced as to various items the state claimed defendant had embezzled without objection by defendant,

and it was only after the state rested that defendant asked the state be required to elect the item upon which it would rely for a conviction. This court recognized the defendant under the indictment was entitled to have the evidence confined to a single item claimed to have been embezzled, but held no reversible error was committed by the lower court in permitting the state to elect two items, one for twelve dollars and seventy-five cents and the other for five hundred dollars, as there was no evidence to support the contention of embezzlement of the twelve dollars and seventy-five cent item and the conviction necessarily was upon the five hundred dollar item, see top of page 837 of 90 Miss.

Caston had been tried and acquitted on an indictment that charged while he was cashier of Pike County Bank from January 16, 1905, to September 8, 1908, "there was entrusted to his keeping and care a large sum of money, to wit: one hundred thousand dollars of the money and property of the bank; that then and there and while acting in the above capacity, and being entrusted with the funds, he embezzled the sum of sixty thousand four hundred and seventy-eight dollars" etc. In delivering the opinion of the court, MAYES, J., held that while the words "a balance of account" were omitted before the sixty thousand four hundred and seventy-eight dollars in the indictment, the language of the indictment showed, clearly taken as a whole, it was for embezzlement of a balance of account, and therefore Caston's aquittal under this indictment was a bar to a prosecution under another indictment for having embezzled an item for one hundred and seventy-two dollars and eighty-two cents prior to the finding of said indictment for embezzlement of sixty thousand four hundred and seventy-eight dollars. *State* v. *Caston*, 96 Miss. 183. The defendant in this case having been indicted for embezzling the specific sum of one thousand three hundred and eleven dollars and not a balance of account as pro-

vided for in section 1436 of Code of 1906, the introduction by the state of evidence as to over eighty items it claimed defendant had embezzled, plainly constituted reversible error. I cannot see how this learned court can fail reversing for these errors, unless it ignores not only the uniform decisions of other courts, but also its own decisions that a prosecution for embezzlement must be confined to a single item, unless the indictment is for embezzlement of a balance of account under a statute providing for such an indictment.

11th: "The court erred in refusing the several instructions asked for by defendant and refused by the court as shown by the said refused instructions." At conclusion of the evidence the first instruction asked by defendant was a peremptory one for the jury to find him not guilty.

This instruction should have been given for three reasons: First, there was no evidence that Bluff City Savings Bank was a corporation as alleged in the indictment; second, defendant was indicted for embezzling a designated sum or item and tried for having embezzled over eighty items or sums without there being any allegation in the indictment that the amount he embezzled was a balance of account; and third, there is no competent evidence defendant embezzled a dollar from said bank.

*Ross A. Collins,* Attorney-General, for the state.

First: The demurrer to the indictment alleges that the indictment fails to aver in proper form and at proper place that the money alleged to have been embezzled "had come into his possession and had been entrusted to his care by virtue of his employment as such clerk and servant." I conceive this to be a groundless exception as the indictment is, if anything, more replete than is required by the words of our statute. The

other grounds raised in the indictment are not sufficient for serious consideration.

Second: This relates to the plea in abatement to contest the legality of the proceedings under Judge Jackson. Judge Jackson held office by virtue of an appointment at the hands of Governor Brewer and as all of his acts and proceedings under him were under color of office thus obtained and not in denial of any rights of any rival incumbent, his acts are in every respect those of a *de facto* judge, and the appellant cannot be heard to complain of the invalidity of his tenure of office as that prerogative rests alone in the hands of the state. This is so clearly settled in this state and has been before this court so much that I deem it unnecessary to go into the authorities.

Third: On the trial of this case, appellant made a motion to require the state to elect some one of the several items alleged to have been embezzled and rely on same for a conviction in the case. The state, without so much as a motion for a bill of particulars, made out and offered the appellant a list of the items relied upon, which said list is set out on pages 126 and 127 of the record. The evidence shows that the appellant was assistant cashier of the bank and as such had equal authority and control of its daily business; was equally the custodian of all money received from deposits; that he made disbursements and kept the general cash book. Furthermore, the evidence tended to show that by a system of false entries and omitted entries upon the books and other dubious practices, he concealed for a long time his withholding of small sums of money which came into his possession from time to time by virtue of his employment. The tendency of the evidence strongly supports the theory that the appellant systematically instituted a continuous series of withholding the bank's money for the purpose of acquiring for his own use ultimately a large sum. Where this

is the case, the doctrine of election does not apply since the series of acts would constitute but one offense and each separate act would not be a separate and distinct offense. *Carl* v. *State,* 125 Ala. 104, 28 So. 505; *Brown* v. *State,* 18 Ohio, 513.

If the law were otherwise, the particular conversion could never be ascertained or proven and there would have to be in many cases almost as many counts in the indictment as there were dollars in the money embezzled. The evidence in this case goes to show that despite a proven shortage, the cash in the vaults of the bank is about two hundred dollars in excess of that shown by the cash book, but subtracting this two hundred dollars from the total amount of the proven shortage, there remains a shortage of about one thousand dollars. Now if the doctrine of election were applied in this case, it is manifest that a conviction would be impossible for appellant could argue as a defense that the particular entries elected by the state to prosecute upon, were covered by the excess of two hundred dollars in the bank's vault. The body of the crime consists of many acts done by virtue of the relations existing between the bank and the appellant with funds and moneys over which the appellant was given care or custody in whole or in part by virtue of his employment. The separate acts may not be susceptible of direct proof but the aggregate result is, and that constitutes the crime of embezzlement. *Ker* v. *The People,* 110 Ill., 645; 51 American Reports, 706.

Fifteenth: This assignment relates to the alleged error in the manner of proving the incorporation of the bank. It is not required to produce the charter of the bank. It was properly established in this instance by the testimony of an officer of said bank and I submit that it was sufficient. 1 Wharton's Criminal Evidence, 480; 3 Bishop's New Criminal Procedure, 1509.

Furthermore, section 1974 of the Code, provides that "... it shall not be necessary in any case to prove any written signature, the execution of any instrument, or the identity or names of persons or description of character, or the persons composing any firm or partnership which may be set forth in the pleadings, unless the same be specially denied by plea or verified by oath. And the like rule shall prevail, as far as may be applicable, in all cases where any writing is pleaded or set up by the defendant, or any signature, identity, or names of persons, description of character, or partnership, set forth in his pleading. I submit that adequate proof of the corporate character of the bank was in evidence.

Cook, J., delivered the opinion of the court.

Appellant was convicted upon an indictment charging him with the embezzlement of one thousand three hundred and eleven dollars, the money of the Bluff City Savings Bank, a corporation of which he was the assistant cashier.

Before his arraignment the defendant interposed a demurrer to the indictment, upon these grounds, viz.:

"(1) Said indictment fails to aver in proper form, and at proper place, that the money alleged to have been embezzled 'had come into his possession and had been intrusted to his care by virtue of his employment as such clerk and servant.'

"(2) The indictment fails to properly state the offense of embezzlement.

"(3) For other causes to be shown on hearing."

Omitting the formal part, the indictment charges:

"That Major Davis, late of the county aforesaid, on the 23d day of March, 1914, in the county aforesaid, being then and there the clerk and servant of the Bluff City Savings Bank, a Mississippi corporation, did then and there, by virtue of his employment as such clerk

and servant, have in and under his care and possession, of the property of the said Bluff City Savings Bank, money in the amount of thirteen hundred and eleven dollars, and of the value of thirteen hundred and eleven dollars, and did afterwards, then an there, without the consent of the said Bluff City Savings Bank, feloniously embezzle the same, and fraudulently and feloniously convert the same to his own use.''

We think the indictment sufficiently charges the crime of embezzlement under section 1136, Code 1906, and that the court did not err in overruling the demurrer.

Over the objection of defendant, the court permitted a witness, who, it appears, was the cashier of the bank, to testify that the Bluff City Savings Bank was a corporation, and it also unquestionably appears from the whole record that the banking business in question was conducted under the name of the Bluff City Savings Bank. Where proof of the corporate existence of a bank is required, its mere *de facto* existence and the performance of the functions of a bank will meet the requirement. Bishop's New Criminal Procedure, vol. 3, section 456; Wharton's Criminal Evidence, vol. 1, section 164a; Encyclopedia of Evidence, vol. 3, p. 604.

The defendant pleaded in abatement of the indictment the alleged fact that the presiding judge was not a judge at all. This plea is based upon the averment that the judge was appointed November 13, 1913, during the recess of the senate; that this appointment was, by the governor, transmitted to the senate at the January, 1914 session thereof; and that the senate finally adjourned without confirming the appointment. Without discussing whether the presiding judge was a *de jure* judge, or merely a judge *de facto*, it is sufficient to say that the judge's title to his office cannot be questioned in this way. The law prescribes a way by which this question may be properly put in issue and judicially determined. The plea in abatement was properly overruled.

108 Miss.—46

The evidence offered by the state tended to establish that the alleged embezzlement consisted of a series of embezzlements extending over a considerable period of time. Evidence was offered which, if believed, would have authorized a conviction for more than one separate and distinct embezzlement. The defendant asked the court to compel the state to elect upon which particular item it would ask the jury to convict. It is the contention that the state must stand or fall upon some specific act of conversion. In other words, the evidence tends to show that defendant committed a series of embezzlements. The conversion of any one of the items the state claims he did feloniously embezzle, if true, would render defendant guilty of a distinct and separate crime.

The evidence is to the effect that the defendant acted as receiving teller or assistant cashier for quite a while, and evidence was offered by the state which would warrant a belief that he embezzled certain sums of money on several separate days, and, this being true, it is insisted the state should have been required to elect and stand on one of the alleged conversions. It will be noted, to make the point clear that defendant was not indicted, in terms at least, with having embezzled "a balance of account," but was charged with the embezzlement of a specific sum of money—one thousand three hundred and eleven dollars.

In Encyclopedia of Evidence, under title "Embezzlement," it is said:

"It is competant for the court to allow evidence showing a series of acts in pursuance of a conspiracy, as all the acts may together constitute conversion."

The rule just quoted seems to be supported by the weight of authority.

"Continuous offenses generally, if the pleader chooses, may, like those not continuous, be laid as on one day and proved by acts either on one day or many."

Bishop's New Criminal Procedure (4th Ed.), section 398.

In the same section of this authority we quote this statement with reference to the specific crime charged in this indictment, viz.:

"Embezzlement, when committed by a series of connected transactions from day to day, may be alleged as on a single day, and the real facts be shown in evidence."

The evidence in the present case tends to show that the defendant was guilty of systematically robbing the bank; that his system consisted of converting money which came into his hands and falsifying his books to cover up his tracks. This system seems to have gone along for a long time, and the evidence of some of the alleged embezzlements is stronger than of others; but in the end the jury were warranted in believing that the sum total of his peculations amounted to the sum named in the indictment.

The supreme court of Oregon, in *State* v. *Reinhart,* 26 Or. 466, 38 Pac. 882, gives a clear and logical statement of the rule and the reasons for its enforcement. We quote:

"The trust and confidence reposed in him (the accused) necessarily affords the amplest opportunity to misappropriate the funds intrusted to his care, and makes it almost, if not quite, impossible to prove just when and how it was done, but the ultimate fact of embezzlement is susceptible of direct proof, and that is the act against which the statute is directed. The crime may, as in the case at bar, consist of many acts done in a series of years, and the fact at last be discovered that the employer's funds have been embezzled, and yet it be impossible for the prosecution to prove the exact time or manner of each or any separate act of conversion. In such case, if it should be compelled to elect and rely for conviction upon any one single act, the accused, although he might be admittedly guilty of

embezzling large sums of money in the aggregate, would probably escape conviction. The law does not afford exemption from just and merited punishment on mere technical grounds, which do not in any way affect the guilt or innocence of the defendant or the merits of the case."

It seems to us that in the practical enforcement of the criminal laws and the punishment of criminals, and especially that class of criminals who usually resort to embezzlement of trust funds, would be made well-nigh impossible, if the state were compelled to rely for conviction upon the proof beyond all reasonable doubt of one of the many acts of a shrewd malefactor. The state might be able to show beyond all peradventure of a doubt that the defendant had for years systematically robbed his employer of many thousands of dollars, but it might be difficult, if not impossible, to pick out one item and prove that to the satisfaction of the jury. In the instant case the state relied for conviction on evidence supporting the theory that defendant had for a long time systematically converted the money of the bank. The result of the evidence is that defendant had embezzled the funds intrusted to his care. Of that there seems to be no room for doubt.

We decline to hold that there was any error in refusing to require the state to pick out one particular item of the series of embezzlements and to stand on that for conviction.

It is further claimed that the court erred in giving this instruction for the state:

"The court instructs the jury for the state that, if you believe from the evidence in this case beyond a reasonable doubt that Major Davis was employed as clerk or servant by the Bluff City Savings Bank, and that by virtue of his employment of such clerk or servant he received into his possession or custody money, and that he feloniously, willfully, and unlaw-

fully embezzled said money to the amount of twenty-five dollars, then the defendant is guilty as charged, and the jury should so find.''

The contention seems to be that the representative for the state, in asking this instruction, elected to stand on one item. We do not so understand. We assume that the district attorney intended to inform the jury that they could not convict the defendant unless they believed he had embezzled as much as twenty-five dollars. In other words, defendant was indicted for a felony, and the district attorney did not ask a conviction for less than a felony. However that may be, we cannot see that defendant was in any way prejudiced by the instruction, as it gave him more than he was entitled to receive.

There was no error of which defendant can complain in refusing instruction No. 3. There is considerable doubt as to the propriety of giving this instruction in any case, but surely the defendant here cannot complain of any failure on the part of counsel to secure for him a clear and forceful statement of the law as to his rights in the premises.

We have given careful consideration to the argument of counsel and to the points presented in his brief, and we believe that appellant had a fair and impartial trial, and there is nothing in the record which will justify a reversal.

*Affirmed.*