## GRADY v. STATE.

(Division B. Oct. 6, 1930.)

[130 So. 117. No. 28968.]

U. B. Parker, of Wiggins, for appellant.

Geo. **T. Mitchell,** Attorney-General, and **Edwin R. Holmes, Jr.,** Assistant Attorney-General, for the state.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellant, James Grady, was convicted of murder and sentenced to life imprisonment in the state penitentiary, from which conviction, he appeals.

The evidence is ample to sustain a conviction. The only error assigned as reversible is that the court erred in overruling the defendant's motion for a new trial, and assigned as reason therefor that J. W. Passon, who was a bailiff in charge of the jury during the trial, had also been and was the justice of the peace who had assisted the sheriff in locating the witnesses after the killing, and had heard a preliminary trial and bound the appellant to jail without bail pending investigation by the grand jury. This affidavit is made by the appellant alone, and no affidavit by his attorney was made and filed with the court. The defendant in his affidavit alleged: "Defendant says that neither he nor his attorney knows or is personally acquainted with said J. W. Passon, justice of the peace, and neither he nor his attorney knew at the time said bailiff was sworn and put in charge of said jury to try defendant, that said bailiff was the justice of the peace who procured the evidence against him and who bound him over to await the action of the grand jury of George county and defendant did not know he was appointed bailiff and did not learn such until long after the argument of defendant's attorney had been made to the jury—and that the said jury has been out of the presence of the court and the defendant under the control of said bailiff during all of the noon hour of this the day of defendant's trial and conviction and that said justice of the peace acted as the chief bailiff to said jury, and for the reason that the evidence is insufficient to support the verdict of the jury."

The proof does not show that J. W. Passon was a witness on the trial or testified, but the record shows, on the contrary, that he did not testify in the case. There is nothing to show that the bailiff, J. W. Passon, in any respect said or did anything to influence the jury's deliberation, or even that he was present while the jury was deliberating. The appellant relies upon Tarkington v. State, 72 Miss. 731, 17 So. 768, in which case it appeared

that the sheriff and several bailiffs, some in addition to those specially in charge of the jury, occupied a room during the deliberation. That case is different in its facts from this, and especially in that the sheriff and some of the deputies were witnesses in the trial of the defendant. However, the affidavit of the appellant is not sufficient to raise this point. The rule requires that both the appellant and his attorneys shall make affidavit that they did not know the fact at the time the trial was in progress and did not learn of it until after the verdict. William Harris v. State, 61 Miss. 304; Brown v. State, 60 Miss. 447; Lipscomb v. State, 76 Miss. 224, 25 So. 158.

It is inconceivable how a preliminary trial could have been conducted by the justice of the peace without the defendant being present, and if he was present he certainly would be able to recognize the justice of the peace when he was presented and sworn in as a bailiff; but regardless of this fact the application for a new trial was not properly supported by affidavits required by law, and we cannot reverse the action of the trial court in overruling the motion for a new trial in this case, consequently the judgment of conviction will be affirmed.

Affirmed.