HILBUN v. STATE.

(Division B. May 22, 1933. Suggestion of Error Overruled, July 7, 1933.)

[148 So. 365. No. 30576.]

**Stone Deavours**, of Laurel, **E. L. Dent**, of Collins, **M. Ney Williams**, of Raymond, **S. C. Broome** and **Chalmers Potter**, both of Jackson, for appellant.

**E. L. Dent,** of Collins, for appellant.

Chalmers Potter, of Jackson, for appellant.

Earl Brewer, of Jackson, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

Argued orally by **Earl Brewer** and **Stone Deavours**, for appellant, and by **W. D. Conn, Jr.**, for the state.

**Anderson, J.**, delivered the opinion of the court.

Appellant was indicted and convicted in the circuit court of Hinds county of the crime of embezzling certain moneys which came into his hands as "agent of the Julius Rosenwald Fund, Incorporated, and W. F. Bond, state superintendent of education, trustee for the Rosenwald Fund, Incorporated." He was sentenced to serve a term of five years in the state penitentiary, from which conviction and sentence he prosecutes this appeal.

The sufficiency of the indictment is challenged. The indictment is in the usual form. Substantially the same indictment has been approved time and again by this court.

The evidence in the case was without conflict; it showed appellant's guilt beyond all reasonable doubt. If this had been a civil action against appellant to recover the funds the state sought to show he had embezzled, and the evidence had been the same as it is in this case, the court would have been justified in directing a verdict for the plaintiff.

There was no error in the court refusing appellant's instruction that, if the evidence failed to show beyond a reasonable doubt that the Julius Rosenwald Fund was incorporated, they should return a verdict of not guilty, regardless of any other fact or circumstance in the case. The evidence showed without conflict that the Fund operated as a corporation, and was commonly known as such.

Where proof of corporate existence is required, its mere de facto existence and the performance of the functions of a corporation will meet the requirement, and this may be proven by one who has actual knowledge of such facts, or by general reputation. Davis v. State, 108 Miss. 710, 67 So. 178; Winner & Meyer v. Weems, 77 Miss. 662, 27 So. 618; Reed v. State, 15 Ohio, 217; Calkins v. State, 18 Ohio St. 366, 98 Am. Dec. 121; 3 Ency. of Evidence, p. 604. Hampton v. State, 99 Miss. 176, 54 So. 722, relied on by appellant, is not in point. Defendant in that case was indicted for embezzling the funds of the American Express Company, 'a corporation. The evidence showed without conflict that the American Express Company was not a corporation but a partnership. The court held that the variance was fatal, and the judgment was reversed.

In Richburger v. State, 90 Miss. 806, 44 So. 772, the indictment charged the defendant with embezzling the funds of the "Jonestown Bank," while the evidence showed that they were the funds of the Jonestown Bank of Jonestown, the corporate name. The court held that the variance between the indictment and the proof was immaterial.

Under section 26 of the Constitution, an indictment must be in language and form sufficient to inform the defendant of the nature and cause of the accusation against him. Is there such a difference between the Julius Rosenwald Fund, Incorporated, and the Julius Rosenwald Fund as to mislead a defendant in the preparation of his defense? We do not undertake to answer this question because it is unnecessary. As above shown, the indictment charged the Fund was incorporated, and the uncontradicted proof showed it in a manner sufficient to meet the requirements of the law.

Appellant lays great emphasis on the action of the court in admitting, over his objection, the Smith letters. The evidence showed that these letters were written in response to requisitions by appellant for Rosenwald

Funds, and the letters show that on their face. These letters and requisitions by appellant for the funds were part of the records in the office of Mr. Bond, the state superintendent of education, and also of appellant, as supervisor of negro schools. Mr. Bond's testimony, which is uncontradicted, showed that the records in his office touching the handling of the Rosenwald Fund were as much the records of appellant as of himself; that they occupied adjoining offices; and that appellant had exclusive charge of the handling of the Rosenwald Fund and full access to all correspondence in reference thereto. The evidence showed that the correspondence was carried on almost exclusively by appellant and not by Mr. Bond. The Smith letters may have been competent as admissions against interest by appellant; however, we do not decide whether or not that be true under the law. Without hesitation we hold, however, that the admission of these letters was utterly harmless to appellant, for the reason that every material fact which the letters tended to prove was proven without contradiction by Mr. Bond and the officers of the two banks who testified. The letters could not have prejudiced appellant's rights.

The action of the court in giving instructions numbered 1 and 2 for the state is assigned and argued as error. Appellant's criticism of each of these instructions is based on substantially the same ground. We do not think the criticism of these instructions is of sufficient gravity to call for a discussion by the court. It is sufficient to say that they are free of error.

Appellant's criticism of the action of the court in refusing certain instructions is without merit, for the reason that other instructions were given him which were substantially the same in all respects as those refused.

The court committed no error in overruling appellant's motion for a new trial, based upon the ground of the disqualification of the juror Cobb, which appellant claimed was not known to him before the trial. On a

motion for a new trial based on facts not known during the trial, both the defendant and his attorneys must ma' e affidavit, or testify under oath, that they were ignorant of such facts during the trial. Grady v. State, 158 M's⸱. 134, 130 So. 117; Salmon v. State, 151 Miss. 539, 118 So. 610; Queen v. State, 152 Miss. 723, 120 So. 838; Lipscomb v. State, 76 Miss. 223, 25 So. 158; Brown v. State, 60 Miss. 447; Harris v. State, 61 Miss. 304; Long v. State, 163 Miss. 535, 141 So. 591. This requirement of the law was not complied with in the case at bar.

Appellant argues that the donor of the Rosenwald Fund has never raised his voice in criticism of the manner in which he administered the Fund, therefore nobody else had any right to complain; that there could be no embezzling of this Fund because it was a gift to the negro children of this state. The trouble about this argument is that, when appellant embezzled part of this fund, the matter ceased to be a private transaction— the public became interested in it. The state had a right to complain, as it did. The donor of the fund could not, under the law, forgive the embezzlement. It is true that the fund was a donation for the education of the negro children of the state, but the gift was not complete until certain conditions had been brought about by appellant and others co-operating with him. Before these conditions came about, appellant committed the embezzlement. At the time he did so, the donor had not turned loose all hold on the fund; the donation had not been entirely consummated.

We are of the opinion that the other questions argued on behalf of appellant are of so little merit as not to require discussion by the court.

Affirmed.