RODGERS, Presiding Justice.
This is an appeal from an adverse judgment rendered on an application for a writ of error coram nobis filed in the Circuit Court of Pontotoc County, Mississippi. The petition alleges and the testimony shows that the petitioner was indicted, tried and convicted of murdering one Nolan Salmon, and sentenced to life imprisonment in the state penitentiary by the Circuit Court of Pontotoc County, Mississippi, at the December, 1963 term.
The petition alleges that two witnesses were appointed as bailiffs by the trial judge and that these two witnesses spent the night with the jury in a motel. The two bailiffs were introduced as witnesses on the hearing of the petition for writ of error coram nobis. It developed that one of the bailiffs was called and introduced by the defendant on the murder trial. The other witness was called and testified as to facts material upon the issue of murder for the state. Both of the witnesses, however, stated that they did not have any conversation with any member of the jury about the case while they were with them.
The record of the testimony in the murder case was not transcribed because there was no appeal from the judgment of conviction in the original trial. The present court reporter of the circuit court is not the same court reporter who took the testimony in the murder case. It is apparent from what the trial judge said in the record in the present trial that the original record was lost or destroyed.
On appeal to this Court the petitioner contends that the petitioner did not receive a fair trial because two bailiffs were called as witnesses. The record shows that the two bailiffs were appointed by the trial judge “the night of the first day” of the trial, but there is no testimony indicating when the bailiffs were introduced as witnesses in the murder trial. There is no way of determining whether or not an objection was made to the introduction of the testimony of the bailiffs, nor can it be determined whether or not objection was made to the appointment of persons who were called as witnesses before or after they were appointed as bailiffs.
It is customary for the circuit judge, after the jury has been accepted, to ask the sheriff whom he will have as bailiffs for the jury. Unless it is brought to the attention of the judge that persons named as bailiffs are to be called as witnesses, the judge would not know that they are to be called as witnesses. Bailiffs are sometimes called as witnesses by the defendant even after they have been selected as bailiffs. In any case, objection should have been made so that the judge could have substituted bailiffs. We have no record indicating that an objection was made.
We originally held in Webb v. State, 21 So. 133 (Miss.1897) that where the bailiff *408 and another man slept in the courtroom with the jury no harm was done under the facts shown since it did not affirmatively appear that influence was used to secure a verdict contrary to the will of the jury.
Later, however, in the case of Lee v. State, 226 Miss. 276, 83 So.2d 818 (1955) we took the opportunity to point out that it is reversible error for the sheriff and his deputy to serve as jury bailiffs when they are also witnesses.
There must he, however, some duty on the part of the parties to bring this fact to the attention of the trial judge; otherwise, a defendant could summon a bailiff as a witness after he had been appointed and in that manner secure a reversal.
In the case of Hilbun v. State, 167 Miss. 725, 148 So. 365 (1933) we adhered to the rule that one who requested a new trial, on the ground that a juror was disqualified, must prove that the defendant and his attorney had no knowledge of the fact during the trial.
The present record on the petition for a writ of error coram nobis does not show that the defendant advised the court that the bailiffs were witnesses, but does show that the defendant called one of the bailiffs as a defense witness.
In the case of Henry v. State, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965), the United States Supreme Court stated that:
“The Mississippi rule requiring contemporaneous objection to the introduction of illegal evidence clearly does serve a legitimate state interest. . . . ” 379 U.S. at 448, 85 S.Ct. at 567, 13 L.Ed.2d at 413.
It is clear that objection to the action of the court in appointing persons as bailiffs who are later called as witnesses must be made at the time when the bailiffs are called as witnesses, or if known, at the time when they are appointed by the court.
In the case of Hamburg v. State, 203 Miss. 565, 35 So.2d 324 (1948) the appellant filed a motion for a new trial upon the ground, among others, that one of the state witnesses was also a bailiff who had attended the jury during the trial. He stayed with the jury for two nights during the trial. Neither the defendant nor his attorney knew that the jury bailiff would be called as a state witness when he was sworn as a bailiff. In answer to the motion on appeal, this Court cited Hilbun v. State, 167 Miss. 725, 148 So. 365 (1933) and said:
“ . In the Hilbun case . the rule is announced that ‘On a motion for a new trial based on facts not known during the trial, both the defendant and his attorneys must make affidavit, or testify under oath, that they were ignorant of such facts during the trial. . . . 203 Miss. at 573, 35 So.2d at 327.
The Court overruled the motion and set a date for the electrocution of the defendant.
This rule is equally applicable to a petition for a writ of error coram nobis. We said in Botts v. State, 210 So.2d 777 (Miss.1968) that the function of a writ of error coram nobis is to :
“ . . . [B]ring to the court’s attention some matter or fact which does not appear on the face of the record which was unknown to the court or the parties at the time, and which, if known, and properly presented, would have prevented the rendition of the original judgment. . . . ” 210 So.2d at 779.
We hold that the trial court was correct in dismissing the petition for writ of error coram nobis in this case, because the alleged error was not brought to the attention of the trial court during the trial of the original case.
Affirmed.
PATTERSON, SMITH, ROBERTSON and SUGG, JJ., concur.