KING, C.J.,
 

 for the Court.
 

 ¶ 1. James “Jim” Clayton Teny was eonvicted and sentenced in the Circuit Court of Lowndes County of embezzlement and fraud while holding a public office. Aggrieved, Terry appeals, raising one issue, which we quote verbatim:
 

 Whether an indictment alleging embezzlement or fraud occurring over a two-year period is sufficient when it does not give specific dates of embezzlement or fraud, or state what facts constitute the embezzlement or fraud.
 

 Finding no error, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. In 2004, Terry was elected to serve as a member of the Lowndes County, Mis
 
 *380
 
 sissippi Board of Supervisors, serving as the supervisor for District Four. As a member of the Board of Supervisors, Terry was issued a county vehicle and a Fuel-man card, which was to be used to purchase gasoline for the county’s vehicle. The county’s vehicle and the Fuelman card were to be utilized for business purposes only.
 

 ¶ 3. Complaints were received that Terry was making inappropriate purchases of gasoline with his Fuelman card and was using the county’s vehicle to take personal trips to casinos. Local authorities investigated the allegations and questioned Terry regarding his use of the county’s vehicle, his use of the Fuelman card, and his trips to casinos. As a result of the investigation, Terry was indicted on August 21, 2006, for violating Mississippi Code Annotated section 97-11-31 (Rev.2006):
 

 ... between January 1, 2004, through the 31st day of December 2005, in the County aforesaid, [Terry] did unlawfully, wilfully, and feloniously commit a fraud or embezzlement while holding a public office, to wit: Supervisor of District 4 of Lowndes County, Mississippi, by fraudulently obtaining gasoline and the use of a eounty[-]owned vehicle for his personal activities, having a total aggregate value of over $500.00, by charging said gasoline to his county Fuelman card and using his county vehicle for personal purposes....
 

 ¶ 4. Terry filed a motion to dismiss the indictment, raising three issues: (1) whether the indictment was vague and indefinite, failing to fully advise him of the nature of the charge against him; (2) whether the indictment charged Terry with two separate offenses in the alternative, making it fatally defective; and (3) whether the indictment failed to state an offense. In his brief in support of the motion and during the hearing on the motion, Terry’s argument focused on whether the indictment impermissibly charged him with “fraud” or “embezzlement,” in the alternative. The trial court found that the Legislature used the terms “fraud” and “embezzlement” interchangeably; the indictment contained the required elements; and the indictment fully apprised Terry of the charge against him. Thus, the trial court denied Terry’s motion to dismiss the indictment, and the trial commenced.
 

 ¶ 5. On November 29, 2007, a Lowndes County jury found Terry guilty. The trial court sentenced Terry to thirteen months in the custody of the Mississippi Department of Corrections, with five years of post-release supervision. The trial court also ordered Terry to pay restitution to Lowndes County in the amount of $2,227.39 and to pay $4,000 to the Mississippi Department of Audit. Terry was also removed from the office of Supervisor of District Four. Terry filed a motion for a judgment notwithstanding the verdict or, in the alternative, a new trial, which the trial court denied.
 

 ¶ 6. Aggrieved, Terry timely filed his notice of appeal.
 

 ANALYSIS
 

 ¶ 7. Whether an indictment is fatally defective is a question of law, which this Court reviews under a de novo standard of review.
 
 Williams v.
 
 State, 772 So.2d 406, 408(8) (Miss.Ct.App.2000).
 

 I. Whether Terry’s issues are procedurally barred from appellate review.
 

 ¶ 8. The State argues that Terry’s issues are proeedurally barred because he failed to specifically raise these issues before the trial court in his motion to dismiss the indictment. The law is clear that issues raised for the first time on appeal are proeedurally barred from review.
 
 Jackson
 
 
 *381
 

 v. State,
 
 856 So.2d 412, 415(12) (Miss.Ct.App.2003).
 

 ¶ 9. As previously stated, Terry raised three issues in his motion to dismiss the indictment: (1) whether the indictment was vague and indefinite, failing to fully advise him of the nature of the charge against him; (2) whether the indictment charged him with two separate offenses in the alternative; and (3) whether the indictment failed to state an offense. Although the majority of Terry’s arguments before the trial court focused on whether the indictment impermissibly charged him in the alternative, there is evidence in the record that raises a reasonable inference that the issues before this Court were properly raised before the trial court. Thus, we find that Terry’s appeal is not procedurally barred from review.
 

 II. Whether the indictment provided sufficient notice of the charge.
 

 ¶ 10. Terry argues that the indictment was insufficient to alert him of the nature of the charges against him because: (1) the indictment failed to note the specific dates that Terry allegedly used the county vehicle for personal use, and (2) the indictment failed to identify the type of personal use alleged. Terry also contends that he did not receive complete information regarding the charge against him until the day of the trial. Specifically, Terry argues that the State’s Exhibit 9 contained additional information that he did not receive during discovery. Terry maintains that the indictment was insufficient, thus, prejudicing his defense.
 

 ¶ 11. An indictment must contain the essential elements of the crime charged and sufficient facts, which provide the defendant with sufficient notice of the charges against him.
 
 Gilmer v. State,
 
 955 So.2d 829, 836(24) (Miss.2007) (citing
 
 Hamling v. United States,
 
 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974)). Specifically, Rule 7.06 of the Uniform Rules of Circuit and County Court requires that an indictment contain the following:
 

 ... a plain, concise and definite written statement of the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation.... An indictment shall also include the following:
 

 1. The name of the accused;
 

 2. The date on which the indictment was filed in court;
 

 3. A statement that the prosecution is brought in the name and by the authority of the State of Mississippi;
 

 4. The county and judicial district in which the indictment is brought;
 

 5. The date and, if applicable, the time at which the offense was alleged to have been committed. Failure to state the correct date shall not render the indictment insufficient;
 

 6. The signature of the foreman of the grand jury issuing it; and
 

 7. The words “against the peace and dignity of the state.”
 

 A. Specific Dates of the Offenses
 

 ¶ 12. The indictment charged that Terry committed embezzlement or fraud between January 1, 2004, through December 31, 2005. Terry maintains that the range of dates was insufficient to put him on notice of the charges against him, arguing that the indictment should have listed each specific date that he allegedly committed the offense.
 

 ¶ 13. This issue has mainly been addressed in the context of sex offender cases.
 
 See, e.g., Price v. State,
 
 898 So.2d 641, 654-55(32) (Miss.2005). However, the same principle can be applied here.
 

 
 *382
 
 ¶ 14. In
 
 Pnce,
 
 the indictment did not contain the specific dates upon which the crimes were committed.
 
 Id.
 
 at 654(32). Instead, the indictment provided a time frame in which the offenses occurred.
 
 Id.
 
 at 654-55(32). The supreme court found that Rule 7.06 only required the indictment to provide “the specific date
 
 if at all
 
 possible_”
 
 Id.
 
 at 655(32) (emphasis added) (citing
 
 Morris v. State,
 
 595 So.2d 840, 842 (Miss.1991)). In addition, the supreme court found that the “failure to provide the correct date does not render the indictment defective.”
 
 Id.; see also
 
 URCCC 7.06(5). Accordingly, the supreme court held that the range of dates provided in the indictment sufficiently put the defendant on notice of the charges against him.
 
 Id.
 

 ¶ 15. In this case, Terry’s indictment did not list specific dates on which the offenses occurred. However, the indictment did provide that the offenses were committed between January 1, 2004, through December 31, 2005. In addition, the State provided Terry with its Exhibit 9 — a chart that matched the dates that Terry used his Fuelman card to the dates that Terry visited casinos. Terry argues that he did not receive this chart until the day of the trial. However, the record is clear that the State used Terry’s Fuelman records and his casino redemption records in preparing Exhibit 9. Terry does not claim that he did not have access to his Fuelman records or his casino redemption records. Thus, Terry could have easily obtained this information from other documents that were provided to him during discovery. Like the reasoning in
 
 Price,
 
 we find that the range of dates provided in the indictment sufficiently put Terry on notice of the charges against him.
 

 ¶ 16. Additionally, Terry’s embezzlement was a continuous offense. Continuous offenses may “be laid as on one day and proved by acts either on one day or many.”
 
 Davis v. State,
 
 108 Miss. 710, 722-23, 67 So. 178, 180 (Miss 1915). Thus, “[e]mbezzlement, when committed by a series of connected transactions from day to day, may be alleged as on a single day, and the real facts be shown in evidence.”
 
 Id.; see also Taylor v. State,
 
 754 So.2d 598, 604(13) (Miss.Ct.App.2000).
 

 ¶ 17. Based on the foregoing, we find that the range of dates provided in the indictment sufficiently put Terry on notice of the charges against him because: (1) the failure to provide a specific date does not render the indictment defective, and (2) since Terry’s alleged crime was a continuous offense, it could be proven by acts on either one day or numerous days. We do not find any prejudice to Terry’s defense. This argument is without merit.
 

 B. Type of Personal Use
 

 ¶ 18. Terry argues that the indictment failed to put him on notice of the charges against him because it did not specify the type of personal use alleged. Terry was indicted under Mississippi Code Annotated section 97-11-31, which provides that:
 

 If any officer, or other person employed in any public office, shall commit any fraud or embezzlement therein, he shall be committed to the department of corrections for not more than ten (10) years, or be fined not more than five thousand dollars ($5,000.00), or both.
 

 Thus, the essential elements of this crime are that: (1) a person holding a public office (2) committed an embezzlement or fraud in his or her public employment.
 
 See id.
 
 The statute does not mention anything about personal use. Terry’s indictment clearly charged that he committed an embezzlement or fraud while holding a public office by fraudulently obtaining gasoline and by the use of a county-owned
 
 *383
 
 vehicle for his personal activities. Thus, the indictment sufficiently stated the essential elements of the crime and the acts which constituted the embezzlement or fraud.
 

 ¶ 19. Because personal use is not an essential element of the crime, we find that the State was not required to specifically list what activity constituted the personal use. However, the record clearly shows that through discovery, Terry was on notice that his trips to the casinos constituted the personal use alleged in the indictment. This argument is without merit.
 

 CONCLUSION
 

 ¶ 20. The indictment was not defective because it failed to include the specific dates upon which Terry committed the offense. We find that the range of dates provided in the indictment was sufficient to put Terry on notice of the charges against him. Because personal use is not an essential element of section 97-11-31, we cannot find that the indictment was defective because it failed to specifically state the activity of personal use that Terry was engaged in when he committed the offense. Terry failed to prove any prejudice to his defense. Thus, the judgment of the trial court is affirmed.
 

 ¶ 21. THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT OF CONVICTION OF EMBEZZLEMENT AND FRAUD IN PUBLIC OFFICE AND SENTENCE OF THIRTEEN MONTHS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH FIVE YEARS OF POST-RELEASE SUPERVISION; TO PAY RESTITUTION TO LOWNDES COUNTY IN THE AMOUNT OF $2,227.29; TO PAY $4,000 TO THE MISSISSIPPI DEPARTMENT OF AUDIT; AND REMOVAL FROM THE OFFICE OF SUPERVISOR OF DISTRICT FOUR OF LOWNDES COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.